Jerry McAWAY, Administrator *v.* Lionel C. HOLLAND

CA 79-80 _____ S.W. 2d _____

Opinion delivered September 5, 1979
and released for publication October 10, 1979

*Blevins & Pierce*, by: *James W. Stanley*, for appellant.

*Matthews & Sanders*, for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The complaint seeks damages of $100,000 for loss of decedent's services, damages of $150,000 for loss of decedent's future earning capacity, and damages of $2,834.63 for funeral expenses and property damages. This complaint

arose from an automobile accident which involved the appellee Holland and the decedent McAway. The administrator of the decedent's estate contends Holland's negligence was the sole and proximate cause of decedent's death. The trial court found the death was not caused by the automobile accident and awarded judgment against Holland for $1,250.00 for personal injury and property damage. The administrator appeals.

The administrator argues the court erred in declaring the accident was not the cause of death. He admits there is no direct evidence available to prove the actual cause, but contends there is ample and substantial circumstantial evidence to show the decedent died as a direct and proximate result of the injuries sustained in the accident. All the circumstantial evidence proffered by the administrator says:

1. Michael McAway (aged 20) lived at home with father before the accident and was an active person, playing sports, working on his car, fishing and hunting, was in no previous accident, had no illness.

2. The decedent had a motor vehicle collision September 6, 1976.

3. The rear glass and front windshield were torn out.

4. Following the accident, decedent was "in pretty bad shape," "didn't have any get-up-and-go," quit working on car, didn't play sports, did put on weight, had never had this condition before, came home from work tired, lost appetite and limped.

The claimant died suddenly while watching a ball game. Death occurred four weeks after the automobile accident.

Appellant has cited numerous cases in support of his theory that there is enough evidence to connect the negligence of appellee to the death of Mike McAway. All of these cases can be distinguished. *St. Louis Southwestern Railway Co.* v. *Pennington,* 261 Ark. 650 (1977) does state that proximate cause may be shown by circumstantial evidence and

that not every other reasonable hypothesis must be excluded. The pertinent paragraph of the opinion continues, however, and states,

> It is only necessary that there be evidence that would tend to eliminate such other causes as may fairly arise from the evidence and that the jury not be left to speculation and conjecture in deciding between *two equally* probable possibilities, at P. 663.

*Hill* v. *Maxwell,* 247 Ark. 811, 448 S.W. 2d 9 (1969) is in accord.

In *Curbo* v. *Harlan,* 253 Ark. 816, 490 S.W. 2d 467 (1973), the decedent died 3 or 4 months after an accident. As in the present case, there was evidence the decedent had been healthy prior to the accident. There was conflicting testimony as to the cause of death. The trial court allowed the issue of causation to be determined by the jury. The crucial difference, however, is that the attending physician testified that in his opinion the death was caused by a blood clot which was a product of the accident. "In retrospect, I can relate this man's death to nothing else." *Curbo* at 820.

Appellant has also cited *Biddle et al Receivers* v. *Jacobs,* 116 Ark. 82, 177 S.W. 2d 258 (1914). The facts are again comparable. The decedent was healthy prior to the accident, but afterwards was very sick and subsequently died. No autopsy was performed. The attending physician testified he did not know the precise cause of death, but in his opinion the death was caused by the injury received in the collision. The doctor further testified that the decedent could have had a brain tumor but in his opinion this was not the case.

In *Chambliss* v. *Brinton,* 229 Ark. 526, 317 S.W. 2d 143 (1958), there is a similar fact situation. Again, however, there is a critical distinction. Two physicians, each with a different opinion as to causation, testified. The court ruled the jury should determine the cause of death.

Finally, *Tri County Gas & Appliance Co.* v. *Charton,* 229 Ark. 989, 320 S.W. 2d 103 (1959) is cited for the proposition

that direct proof of causation is not necessary. This case was distinguished, however, in *Reeves* v. *Ark. La. Gas Co.*, 239 Ark. 646, 391 S.W. 2d 13. *Tri-County* was said not to have dealt with a question of proximate cause but merely questions about evidence of negligence.

The burden was on the administrator to relate the death to the accident by a preponderance of the evidence. All of the evidence which the administrator attempted to introduce was in the form of lay testimony, which is controlled by the Uniform Rules of Evidence. Article VII of the Rules covers "Opinion and Expert Testimony." Rule 701 reads "if the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness; and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." A reading of this rule seems to indicate the McAways could give their opinion as to the cause of their son's death. The opinion of the McAways is based on their observation of their son's health before and after the car accident. Also, this opinion is to go to a determination of the fact in issue. This rule, however, has been interpreted in conjunction with Uniform Rule of Evidence 702 — Testimony by Experts.

Lay witnesses are permitted to give their opinion as to the cause of death or other physical condition if the witness is qualified by experience and observation with regard to the subject matter. "If the subject matter is wholly scientific or so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give opinion evidence as to the cause of death, disease, or physical condition." 66 A.L.R. 2d 1118, 1127.

Wigmore states there are two questions which need to be resolved before opinion testimony may be given by a lay witness. Is it a subject or topic which requires the witness to have more than ordinary experience, and if so, does this witness have this special experience? Wigmore on Evidence § 1925, Vol. VII, P. 35. *Gibson* v. *Herman*, 261 Ark. 236, 547 S.W. 2d 111 (1977) has been cited by appellant as authority

for allowing non-experts to testify as to their opinion. The relevant language from that opinion indicates there was evidence that the witnesses, *due to experience,* were very familiar with the subject matter in general. This is quite different from testimony from a witness with no previous exposure to a sudden death occurrence. All the cases dealing with opinion testimony which are cited by appellant do allow the witness to testify as to his observations. *None, however, allows a lay witness to give his opinion as to the cause of death.* There is a vast difference between allowing a witness to testify as to whether he believes a person to be ill and in allowing a witness to give his opinion as to the cause of a sudden, unexpected death, unless there is some visible or otherwise obvious trauma which is perceptible to lay persons.

There is no circumstantial evidence — even the most scant — which suggests a causal connection between the accident and death. The mere fact both happened about a month apart proves nothing. If there had been some evidence of causal connection maybe the lay testimony might have been slight corroboration. However, standing alone it is nothing. All of the administrator's evidence fails to make a prima facie case.

Affirmed.