Charles GOODE *v.* STATE of Arkansas

CR 90-180                                    798 S.W.2d 430

Supreme Court of Arkansas
Opinion delivered November 12, 1990

*John Wesley Hall, Jr., P.C.*, by: *Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. The appellant was convicted of DWI, second offense. He was sentenced to seven days in jail, fined $400, and had his driver's license suspended for one year. On appeal, he claims the trial court erred in denying his motion to dismiss the charges because the arresting officer was not certified and the required background check of the officer was not conducted in compliance with regulations. The appellant also contends the trial court erred in denying his motion to suppress the results of a breathalyzer test. We find no merit to these arguments and affirm.

The appellant was stopped in his vehicle by Pulaski County Deputy Sheriff Keith Hodges on December 14, 1988, and was subsequently arrested for DWI. At the time Deputy Hodges was hired by the Pulaski County Sheriff's office in 1982, his file did not disclose the results of a search of the federal fingerprint files. That information was obtained by the sheriff's office in 1984. Regulation 1002 of the Commission on Law Enforcement Standards and

Training provides in pertinent part:

> (2) Every officer employed by a law enforcement unit shall:
>
> . . . .
>
> (c) Be fingerprinted and a search made of state and national fingerprint files to disclose any criminal record.
>
> . . . .
>
> (4) The minimum standards for employment or appointment must be completed before employment eligibility is established. Employment eligibility should depend upon the results and recommendations received by the investigator and examiners.

Ark. Code Ann. § 12-9-108(a) (1987), the applicable statute in this instance, states:

> A person who does not meet the standards and qualifications set forth in this subchapter or any made by the Arkansas Commission on Law Enforcement Standards and Training shall not take any official action as a police officer, and any action taken shall be held as invalid.

Appellant's reliance upon our holdings in *Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989), and *Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989), is misplaced. There was no proof of subsequent compliance by the officers prior to the arrest in those decisions and, accordingly, their holdings are distinguishable.

The appellant asks us to interpret Ark. Code Ann. § 12-9-108(a) as invalidating any action taken by a police officer if the officer was not hired in compliance with the minimum standards set by the commission. We decline to do so. To adopt this interpretation would place police departments in the impossible position of never being able to rectify an erroneous hiring practice from previous years. Any officer not initially hired in compliance with the Act could never become qualified.

The trial court found there was compliance with the commission's standards, and we agree. While Deputy Hodges had not met the standards when he was hired in 1982 because the

results of the federal fingerprint search were not placed in his file as required by Regulation 1002(2)(c)(4), that deficiency was corrected by 1984 and from that point on, Deputy Hodges was in compliance with the Act. In view of our holding on this assignment of error, we need not address the retroactive application of Act 44 of the Third Extraordinary Session of 1989.

It is also contended by the appellant that a background check by a criminal investigator and request for information to out-of-state law enforcement agencies where Deputy Hodges had previously resided was not conducted in compliance with Regulation 1002(2)(e) and Specification S-3 of the Commission on Law Enforcement Standards and Training. Regulation 1002(2)(e) provides:

> (2) Every officer employed by a law enforcement unit shall:
>
> . . . .
>
> (e) Be of good character as determined by a thorough background investigation as prescribed in Specification S-3, The Background Investigation.

Specification S-3 states in part that:

> (e) The background investigation should be conducted by an experienced investigator.
>
> . . . .
>
> (5) If the applicant lives, or has lived, in a distant community, a letter should be sent to the local law enforcement agency requesting that an investigation be conducted in that locality and a copy of the results placed in the personnel file.

Dorothy McFadden, personnel officer with the Pulaski County Sheriff's Department, testified at the hearing on the appellant's motion to dismiss that she reviewed the file of Deputy Hodges and it contained information that he had worked in several locations prior to his employment. The file reflected that Carol Kimble, a deputy sheriff, had conducted the background check on Hodges. Deputy Kimble had been employed by the sheriff's office two years at the time she conducted the investigation of Hodges. She sent letters to some of Hodges' former

employers and received responses to two of those letters. There was nothing in the file indicating that Kimble had requested an investigation from out-of-state law enforcement agencies where Hodges had previously resided.

Appellant contends that since Kimble was not an "experienced investigator" and she did not request an investigation by law enforcement agencies where Hodges had previously resided, the requirements of Regulation 1002(2)(e) and Specification S-3 of the Regulations were not met. We do not agree.

■ It is evident from the testimony of Dorothy McFadden that a background investigation of Hodges was conducted. Kimble qualified as an "experienced investigator" within the meaning of Specification S-3 and the provision that letters should be sent to local law enforcement agencies where the officer previously resided requesting an investigation is directory only and not mandatory. Accordingly, the trial court was correct in denying the appellant's motion to dismiss on this basis.

Finally, the appellant argues the trial court erred in allowing the results of a breathalyzer test into evidence. He contends this was improper because the state failed to show he had been observed for an uninterrupted period of twenty minutes prior to the administration of the breathalyzer test.

The chemical analyses of a person's blood, breath, urine or other bodily substance must be made by a method approved by the State Board of Health. Ark. Code Ann. § 5-65-204(b) (1987). Part D, § 3.40 of the *Arkansas Regulations for Blood Alcohol Testing* (2d rev. 1984) provides:

> A breath sample to be analyzed at a certified installation shall be collected only by certified personnel. The sample shall be collected only after the subject has been under observation for an uninterrupted period of no less than 20 minutes immediately prior to collection . . . .

Deputy Hodges testified he stopped the appellant after observing appellant's vehicle weaving and the left wheels riding on the center line. He noticed the appellant had a strong odor of intoxicants about his person and walked unsteadily after he was asked to get out of his vehicle. A series of field sobriety tests were administered and the appellant was arrested at 11:27 p.m., read

his *Miranda* rights, handcuffed and placed in the back seat of the patrol car. Deputy Hodges left the appellant for two to three minutes to inventory the vehicle. The officer then waited in his patrol car with the appellant for the wrecker to arrive before departing for the sheriff's office approximately four or five miles away. It took about seven to ten minutes to reach the sheriff's office. Hodges testified that he observed the appellant in the rear view mirror during the trip. He noted the appellant did not burp, regurgitate, or put anything in his mouth prior to the breathalyzer test, which was administered at 12:16 a.m. Hodges stated at trial:

> [Prosecutor]: You drove the defendant to the police department. Was he under your observation for 20 minutes?
>
> [Deputy Hodges]: Yes, he was. He was under my observation during the entire traffic time. The time I believe that I used as an observation time when he was actually under control was when he was handcuffed and in my car at the time I read his *Miranda* rights to him.
>
> [Prosecutor]: Was this a period of at [least] 20 minutes?
>
> [Deputy Hodges]: Yes, it was. It was over 20 minutes.

We have repeatedly held that only substantial compliance with health department regulations is required. *Tharp* v. *State*, 294 Ark. 615, 745 S.W.2d 612 (1988). The officer is not required to stare fixedly at the arrested person for the entire time in order to comply with the 20-minute regulation. *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985).

Officer Hodges' testimony that he observed the appellant for over 20 minutes prior to the breathalyzer test made a prima facie showing of substantial compliance with the regulation. The trial court correctly held that admission of the test was proper.

Affirmed.