Billy D. TALLANT *v*. STATE of Arkansas

CA CR 92-1039                                856 S.W.2d 24

Court of Appeals of Arkansas
Division I
Opinion delivered June 16, 1993

*Bob Keeter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Billy D. Tallant, was found guilty by a jury of negligent homicide, a class D felony, and driving while intoxicated, first offense. For the negligent homi-

cide conviction, appellant was sentenced to a term of five years in the Arkansas Department of Correction. For DWI, appellant's driver's license was suspended for a period of 120 days, and he was ordered to serve a year in the county jail. Appellant advances four issues on appeal in which he argues that: (1) the trial court erred in allowing the introduction of a blood analysis report into evidence; (2) the trial court erred in allowing the coroner to express an opinion concerning the cause of the victim's death; (3) the trial court erred in sentencing appellant on the lesser included offense of DWI; and (4) the trial court erred in denying his motion for a mistrial. We find that no reversible error occurred with regard to the evidentiary issues raised and affirm appellant's conviction for negligent homicide; however, we agree with appellant's third argument and reverse the conviction for DWI.

The record discloses that on October 20, 1990, appellant's truck crossed the center line of the highway and struck an oncoming vehicle. The accident occurred at around 7:30 in the evening. A passenger in the other vehicle, Alford Alton Dirickson, was killed. Appellant was subsequently charged with negligent homicide and DWI in connection with the accident. The charges were consolidated on motion of the State.

As his first point, appellant contends that the trial court erred in allowing the results of the blood-alcohol test to be introduced into evidence. He argues that the State failed to offer sufficient evidence that the blood was drawn in accordance with the method and procedures approved by the health department, as is required under Ark. Code Ann. § 5-65-204 (Supp. 1991). Particularly, appellant submits that there was no evidence introduced as to whether a nonalcoholic skin sterilant was used to clean the area from where the blood was drawn. In support of this argument, he relies on the following regulation adopted by the State Department of Health:

> 3.20 *Sample Collection*: Blood samples may be collected from living individuals only by persons authorized by law and by means of a sterile, dry syringe and hypodermic needle or other sterile equipment. The skin at the area of puncture shall be thoroughly cleansed and disinfected with an aqueous solution of non-volatile antiseptic such as benzalkonium chloride (zephiran). Alcohol or other vola-

tile organic disinfectant solutions shall not be used as a skin antiseptic or to clear hypodermic needles, syringes or containers.

Tests used to determine the alcohol content of blood must be carefully monitored to assure reliability. *See Weaver* v. *State*, 290 Ark. 556, 720 S.W.2d 905 (1986). However, it has repeatedly been held that only substantial compliance with health department regulations is required. *Goode* v. *State*, 303 Ark. 609, 798 S.W.2d 430 (1990). We need not decide in this instance whether the testimony presented by the State was sufficient to establish substantial compliance with the above-mentioned regulation because we conclude that any error arising from the admission of the test result was harmless in that there was other evidence presented forcefully suggesting that appellant was intoxicated when the accident occurred. *See Gavin* v. *State*, 309 Ark. 158, 827 S.W.2d 161 (1992).

Roger Whitmore, a state trooper, arrived shortly after the accident had occurred. He first observed appellant as he was trying to light a cigarette. Whitmore was instructed by another officer to prevent appellant from lighting the cigarette because his clothing was soaked with gasoline. Whitmore said that appellant kept saying that he was going to get in his truck and go home and that he had to be convinced that he could not do so because his truck was damaged beyond repair. Whitmore further testified that appellant was having difficulty talking in that his speech was "thick-tongued" and it would take appellant several seconds to answer questions put to him. He related that appellant had problems standing and that he required the assistance of another officer to walk. Whitmore also stated that he could smell alcohol on appellant's breath. Among the debris from appellant's truck was some fourteen or fifteen beer cans and an ice chest. Other than at the scene, Whitmore also encountered appellant at the hospital. When Whitmore asked appellant if the ice chest that had been found belonged to him, appellant responded, "Yeah, but that beer can was empty, I know all I had today was a 12-pack of Budweisers all day long." Based on his observations, it was Whitmore's opinion that appellant was intoxicated.

Sevier County Deputy Sheriff Eric Willis was also of the opinion that appellant was intoxicated given the behavior appel-

lant exhibited. By way of explanation, Willis stated that appellant was belligerent one moment, and then overly friendly the next. He also said that it was common sense not to smoke in the presence of gasoline. He further testified that appellant had alcohol on his breath and that appellant told him that he had drunk a couple of beers.

When error is alleged, prejudice must be shown because we do not reverse for harmless error. *Phillips* v. *State*, 40 Ark. App. 19, 840 S.W.2d 808 (1992). Based on the foregoing evidence, we conclude that any error resulting from the admission of the test results was harmless.

As his second issue, appellant argues that the trial court erred in allowing the county coroner to express an opinion as to the cause of the victim's death. The coroner, Lawrence Chandler, testified that the immediate cause of the victim's death was a fractured skull. It is appellant's contention that the coroner did not possess the necessary skill, training and experience to qualify him to render an expert opinion. No attempt was made, however, to qualify the coroner as an expert and the trial court permitted his testimony as a lay witness under Ark. R. Evid. 701. It has been said that lay witnesses are permitted to give their opinion as to the cause of death or other physical condition if the witness is qualified by experience and observation with regard to the subject matter. *McAway* v. *Holland*, 266 Ark. 878, 599 S.W.2d 387 (1979). *See also Russell* v. *State*, 306 Ark. 436, 815 S.W.2d 929 (1991). Here, it was the coroner's testimony that it was incumbent upon him to investigate fatalities as a part of his official duties and that he had attended seminars on the topic of determining cause of death. He also said that he had additional experience in this area from his work with other coroners. We cannot say that the trial court abused its discretion in allowing the coroner to give his opinion.

Appellant next argues that the trial court erred in failing to dismiss the DWI conviction when he had also been found guilty of negligent homicide. The state concedes error on this point, and we agree that both convictions cannot stand.

Appellant was tried on charges of negligent homicide and driving while intoxicated under the provisions of Ark. Code Ann. § 5-10-105(a)(1) (Supp. 1991) and Ark. Code Ann. § 5-65-

103(a) & (b) (1987), respectively. As such, the jury was instructed as follows:

> BILLY TALLANT is charged with the offense of negligent homicide. To sustain this charge, the State must prove beyond a reasonable doubt that BILLY TALLANT negligently caused the death of ALFORD ALTON DIRICKSON as a result of operating a vehicle while intoxicated or with a one-tenth of one percent (.10%) or more by weight of alcohol in his blood as determined by a chemical test of his blood. . . . "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof to such a degree that the driver's reactions, motor skills and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury to himself or other motorists or pedestrians.

> . . . .

> BILLY TALLANT is charged with the offense of driving while intoxicated. To sustain this charge, the State must prove beyond a reasonable doubt: That BILLY TALLANT was intoxicated and operating or in actual physical control of a motor vehicle or; That BILLY TALLANT did operate or was in actual physical control of a motor vehicle at a time when there was one-tenth of one percent or more by weight of alcohol in his blood as determined by a chemical test of his blood, urine, breath, or other bodily substance. Definition: "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, or a combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself or other motorists or pedestrians.

Arkansas Code Annotated § 5-1-110 (1987) provides that:

> (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He

may not, however, be convicted of more than one offense if:

(1) One offense is included in the other, as defined in subsection (b) of this section[.]

(b) A defendant may be convicted for one offense included in another offense with which he is charged. An offense is so included if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged[.]

In a long line of cases beginning with *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981), the supreme court has held that when a criminal offense by definition cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses. *Ballew* v. *State*, 298 Ark. 175, 766 S.W.2d 14 (1989). In the present case, driving while intoxicated was an essential component of the crime of negligent homicide since it was necessary to prove that appellant was driving while intoxicated in order to prove that he had committed negligent homicide. Consequently, appellant could not be convicted of both offenses. We therefore set aside the conviction of driving while intoxicated, the less serious offense. *Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982).

Appellant's last argument is that the trial court erred in denying his motion for a mistrial, which was made in response to the following remarks of the prosecutor during closing argument:

Let's make sure we get Joe Don Jones from Nashville where he's incarcerated and bring him in here, not knowing whether or not what he's going to testify to, but proving to you as we did that this Defendant was given a right to an alternative test, and I don't know how drunk he was. He was awfully drunk. He said he had been there before.

Appellant objected on the ground that the comment "he had been there before" revealed to the jury that appellant "had previous convictions." The court denied the motion for a mistrial but admonished the jury to disregard the prosecutor's statement.

A mistrial is only granted when there has been an error so prejudicial that justice cannot be served by continuing the trial.

*Haynes* v. *State*, 311 Ark. 651, 846 S.W.2d 179 (1993). The decision whether to grant a mistrial is left to the sound discretion of the trial judge and will not be reversed absent an abuse of discretion or manifest prejudice to the complaining party. *Green* v. *State*, 310 Ark. 16, 832 S.W.2d 494 (1992). In addition, a mistrial should only be declared if any possible prejudice cannot be removed with an admonition to the jury. *Ashley* v. *State*, 310 Ark. 575, 840 S.W.2d 793 (1992). It is not apparent here that the prosecutor was referring to previous convictions had by the appellant and we feel that the judge's admonition was sufficient to cure any potential prejudice resulting from the prosecutor's remark. We thus find no error in the trial court's refusal to declare a mistrial.

Affirmed in Part; Reversed in Part.

JENNINGS, C.J., and COOPER, J., agree.