James MASSENGALE *v.* STATE of Arkansas

CA CR 93-1258                                888 S.W.2d 317

Court of Appeals of Arkansas
En Banc
Supplemental Opinion on Denial of Rehearing
December 7, 1994

*Johnny Ray Putnam*, for appellant.

No response.

JOHN B. ROBBINS, Judge. Appellant James Massengale was convicted in a jury trial of the crimes of driving while intoxicated and refusing to submit to a breathalyzer test. On appeal appellant argued that the trial court erred in allowing testimony about two portable breathalyzer tests which were administered at the scene of his arrest. By unpublished opinion filed September 21, 1994, we affirmed these convictions. Appellant has now petitioned for rehearing, which we deny.

In March of 1993, Officer Carey Lovaas stopped a truck Mr. Massengale was driving. Officer Lovaas testified that he decided to make the stop because Mr. Massengale squealed his tires and crossed the center line. Officer Lovaas detected the odor of intoxicants and Mr. Massengale admitted that he had been drinking beer. As Mr. Massengale exited his truck, he stated that he would be unable to perform some of the sobriety tests due to an injured leg. Officer Lovaas then administered a portable breathalyzer test and testified that the result of the test was unsatisfactory. Mr. Massengale was also given the horizontal gaze-nystagmus sobriety test and a fingertip sobriety test. Officer Lovaas indicated that he failed the first test and had trouble with the latter. Officer Lovaas then administered another portable breathalyzer test, which again yielded an unsatisfactory result. Mr. Massengale was taken to the police station, where he refused to submit to a breathalyzer test.

For reversal, Mr. Massengale contended that all testimony regarding the portable breathalyzer tests was erroneously admitted into evidence. Specifically, Mr. Massengale argued that the results of the tests should not have been admitted because the State was introducing them for the purpose of establishing that he was driving while intoxicated. The results of a portable breath test are not admissible for this purpose. *See Patrick* v. *State*, 295 Ark. 473, 750 S.W.2d 391 (1988). In addition, Mr. Massengale asserted that, pursuant to Arkansas Rule of Evidence 403, testimony surrounding the portable breath tests should have been excluded because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.

Prior to trial, Mr. Massengale filed a motion in limine requesting that any reference to the breathalyzer tests and their results be excluded from evidence. The judge did not grant the motion, but indicated that he would consider an objection if made in a timely fashion. The case then went to trial.

During the trial the State was examining Officer Lovaas when he testified that, after he stopped Mr. Massengale, he told Mr. Massengale he was going to administer a portable breathalyzer test. At this time Mr. Massengale objected and the objection was overruled. Officer Lovaas then proceeded to explain what a portable breathalyzer test was. He was later asked if he administered this test to Mr. Massengale and what it indicated. Without objection, he testified that he administered this test and that the result of the test was unsatisfactory. There was also no objection made when Officer Lovaas subsequently testified that he administered a second portable breathalyzer test and it also produced an unsatisfactory result.

██ Because no objection was made when Officer Lovaas testified that he administered a portable breathalyzer test and the result was unsatisfactory, nor was an objection made when he further testified that a second breathalyzer test was also administered with unsatisfactory results, we concluded that Mr. Massengale's first argument was not preserved for review. An argument for reversal will not be considered in the absence of an appropriate objection. *Cloird* v. *State*, 314 Ark. 296, 862 S.W.2d 211 (1993). The objection must be timely, affording the trial court an opportunity to correct the asserted error. *Pharo* v. *State*, 30 Ark. App. 94, 783 S.W.2d 64 (1990). Since no timely objection was made to Officer Lovaas' testimony regarding the portable breathalyzer results, we did not address this argument on appeal.

██ Appellant contended that further objection was unnecessary because his motion in limine preserved this issue. While *Schichtl* v. *Slack*, 293 Ark. 281, 737 S.W.2d 628 (1987), and *Ward* v. *State*, 272 Ark. 99, 612 S.W.2d 118 (1981), support appellant's contention that a motion in limine which is denied or overruled preserves the issue for appeal purposes, the trial court here neither denied nor overruled appellant's motion. The court simply ruled that it would address objections to evidence concerning the portable breathalyzer tests if timely made during

the course of the trial. We fail to find error in a ruling by a trial court which requires evidentiary objections to be made as the evidence is offered so that the court can rule on the objection in the context of when and for what purpose admission of the evidence is sought.

■ As to Mr. Massengale's second argument on appeal, the trial court has broad discretion in deciding whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice. *Mitchell* v. *State*, 281 Ark. 112, 661 S.W.2d 390 (1983). We can not conclude that the trial court abused its discretion under the circumstances presented.

COOPER, MAYFIELD and ROGERS, JJ., would grant rehearing.

JAMES R. COOPER, Judge, dissenting. The appellant in this criminal case has filed a petition for rehearing asserting that our decision of September 21, 1994, is erroneous because a timely objection was in fact made to Officer Lovaas' testimony regarding the results of the portable breathalyzer test, and because the trial court's denial of the appellant's pretrial motion in limine regarding the test results preserved the argument for appeal. The majority has denied the appellant's petition for rehearing, and I dissent because I believe that the appellant's argument was preserved and should therefore have been addressed on its merits.

Our opinion of September 21, 1994, held that the appellant's argument was not preserved for review because no objection was made when Officer Lovaas testified concerning the test results. However, the appellant filed a pretrial motion in limine requesting exclusion of the test results which was denied.[1] Our opinion was therefore in error; our Supreme Court has made it clear that no objection at the time of introduction is required where a motion in limine has been made to specific evidence and denied. *Schichtl* v. *Slack*, 293 Ark. 281, 737 S.W.2d 628 (1987), *citing Ward* v. *State*, 272 Ark. 99, 612 S.W.2d 118 (1981). Furthermore, it is worth mentioning that, although no objection at

---

[1]The trial judge ruled as follows: "I'll just take up the objection. It will be timely made. I'm not going to grant the motion in limine." Although the supplemental opinion characterizes this as a "ruling . . . which requires evidentiary objections to be made as the evidence is offered," that is really only another way of saying that the motion in limine was denied. *See generally* 75 Am. Jur. 2d *Trial* § § 94, 109 (1991).

the time of introduction was necessary, the appellant did in fact object to the testimony at the first opportunity.

I would grant rehearing on the basis of this error of law, and I respectfully dissent.

MAYFIELD and ROGERS, JJ., join in this dissent.