James MASSENGALE *v.* STATE of Arkansas

CR 94-1444                    894 S.W.2d 594

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Gardner, Putman & Miner*, by: *John Putman*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted in municipal court of driving while intoxicated and refusing to submit to a breathalyzer test. He appealed to circuit court where he was again convicted of both offenses. He appealed to the court of appeals where his convictions were affirmed in a nonpublished opinion. The holding of the opinion was that his evidentiary argument was not preserved for appeal because he failed to object to the admission of the evidence after the trial court declined to rule on his motion in limine. He petitioned the court of appeals for rehearing. Rehearing was denied on a tie vote. *Massengale* v. *State*, 48 Ark. App. 19, 21, 888 S.W.2d 317, 318 (1994) (supplemental opinion denying rehearing). Appellant petitioned this court for review. We granted a review because of the tie vote. *See* Ark. Sup. Ct. R. 1-2(f). Appellant's points of appeal go only to the conviction for driving while intoxicated. We affirm.

As appellant left a nightclub, a state trooper heard him race the engine of his pickup truck, heard his tires squeal, and saw him cross the center line of a highway. The trooper stopped him, smelled the odor of alcohol, and saw a half-empty case of beer in the bed of the truck. Appellant told the officer that he had only drunk three or four cans of beer.

The trooper told appellant that he would administer some field sobriety tests. Appellant responded that he could not perform tests that involved walking because of a problem with his leg. The trooper gave appellant a portable breathalyzer test which showed an "unsatisfactory result," or a need for further testing. The trooper next administered a horizontal gaze-nystagmus test. Appellant failed to perform it satisfactorily. The trooper then gave appellant two fingertip tests. Appellant could not complete the second one because he said his leg hurt. At that point the trooper gave appellant a second portable breathalyzer test, which again showed an unsatisfactory result. The trooper arrested appellant for driving while intoxicated and took him to the local police station where appellant refused to take a breath test on a certified breathalyzer machine.

Prior to his trial in circuit court, appellant filed a motion in limine and sought to exclude evidence about the portable breathalyzer tests and the horizontal gaze-nystagmus test. His written motion and his argument were based upon the fact that the portable breathalyzer tests were not approved by the Arkansas State Board of Health, as required by statute for admission. See Ark. Code Ann. § 5-65-206(c) (Repl. 1993).

He additionally urged the trial court to prohibit any mention of the portable breathalyzer tests because such evidence would be more prejudicial than probative. Separately he argued that the horizontal gaze-nystagmus test has not been shown to be valid. Appellant now concedes that the horizontal gaze-nystagmus test is valid, *see Whitson* v. *State*, 314 Ark. 458, 863 S.W.2d 794 (1993), and we do not further discuss that test. Just before the trial commenced, in ruling on both motions, the trial court stated, "I'll just take up the objection. It will be timely made. I'm not going to grant the motion in limine."

The purpose of a motion in limine, sometimes called a threshold motion because in limine literally means "at the threshold,"

is to obtain a ruling excluding given evidence before any mention of the evidence is made before the jury or until the trial court has sufficient legal and factual information to make a ruling on the admissibility of that evidence. A trial court has the requisite authority under A.R.E. Rules 401, 402, 403 and Rules 102, 103, and 104 to hear and rule on the motions. Many such motions are intended to exclude evidence, even though relevant, because it is likely to cause undue prejudice, or mislead the jurors.

When a motion in limine is filed, a trial judge will usually make one of three rulings. One, he may grant the motion, and the evidence will not be admitted. Two, he may decline to rule on the motion for various reasons; for example, the motion may be too broad. *See, e.g., Schichtl* v. *Slack*, 293 Ark. 281, 737 S.W.2d 628 (1987). In that case it is necessary for counsel to make a specific objection during the trial. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994). Third, he may deny the motion. A motion in limine which is denied preserves the issue for appeal and no further objection is required. *Ward* v. *State*, 272 Ark. 99, 612 S.W.2d 118 (1981).

While it is not clear whether the trial court's ruling was a denial of both motions, or a refusal to rule on the motions, it was most likely a refusal to rule on the motions before the trial commenced. The trial court was probably aware that a portable breathalyzer test might be admissible as exculpatory evidence by a defendant, *see Patrick* v. *State*, 295 Ark. 473, 750 S.W.2d 391 (1988), or might be admissible to show probable cause, and thus chose to wait to hear all of the facts before ruling.

During the State's case-in-chief, the prosecutor asked the trooper if results of field sobriety tests were confirmed with breathalyzers. Appellant's counsel objected. The trial court sustained the objection. When the officer began to talk about requiring appellant to take a portable breathalzyer test, counsel again objected, and the trial court overruled the objection. Appellant did not object to the trooper's subsequent statement that the result of appellant's portable breathalyzer test was "unsatisfactory," and he did not object to the trooper's later statement that he gave a second portable breathalyzer test and the result of it was also unsatisfactory.

In summary, in his motion in limine, appellant made a specific objection about any evidence about use of the portable

breathalyzer and then, at the first opportunity during the trial, made another specific objection about testimony of any use of the portable breathalyzer tests. The trial court's rulings admitted the evidence. Under these facts we hold that appellant made a timely objection to the first portable breathalyzer test and the issue was preserved as to the first test.

■ A chemical analysis that has not been certified by the Department of Health is not admissible as evidence of driving while intoxicated. Ark. Code Ann. § 5-65-206(c) & (d) (Repl. 1993); *see also Patrick*, 295 Ark. at 477, 750 S.W.2d at 393. Portable breathalyzer tests have not been certified by the Department of Health. Thus, the ruling of the trial court admitting the evidence of the portable breathalyzer test was erroneous. However, the error was harmless.

■ Section 5-65-102(1) of the Arkansas Code Annotated makes it unlawful to be in physical control of a vehicle while "influenced or affected by the ingestion of alcohol, . . . to such a degree that the driver's reactions, motor skills, and judgment are substantially altered, and . . . the driver constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians." *Id.; see also* § 5-65-103(a). In this case, the trooper testified that appellant operated the vehicle in an erratic manner by spinning his tires and crossing the center line and that appellant smelled of alcohol. The trooper testified to appellant's erratic behavior, which ranged from cooperative to belligerent. There was a half-empty case of beer in the bed of the truck. Appellant admitted that he drank three or four cans of beer. The evidence of the horizontal gaze-nystagmus test was admissible as evidence of some impairment due to alcohol. *See Whitson*, 314 Ark. at 464, 863 S.W.2d at 797. Appellant could not satisfactorily perform a simple fingertip test. Finally, appellant refused to take the certified breathalyzer test, which can be considered as circumstantial evidence showing consciousness of guilt. *Spicer v. State*, 32 Ark. App. 209, 799 S.W.2d 562 (1990). Under these facts showing overwhelming evidence of guilt, we have no hesitancy in holding that the ruling admitting evidence of an "unsatisfactory result" from a portable breathalyzer test was harmless.

This case is similar to *Tallant v. State*, 42 Ark. App. 150,

856 S.W.2d 24 (1993), where the appellant argued that his conviction for negligent homicide as the result of driving while intoxicated should be reversed because the court erroneously admitted results of blood samples that were not taken in accordance with health department guidelines under Ark. Code Ann. § 5-65-204 (Repl. 1993). *Tallant*, 42 Ark. App. at 152, 856 S.W.2d at 25. Without definitively holding error was committed, the court of appeals declared that any error in the admission of the tests was harmless, as appellant admitted that he had been drinking, smelled like alcohol, exhibited altered behavior, and had fourteen or fifteen beer cans and an ice chest in his car. *Id.* at 153, 856 S.W.2d at 26.

Similarly, in *Boyd* v. *City of Montgomery*, 472 So. 2d 694 (Ala. App. 1985), the Alabama Court of Appeals ruled that the trial court erred in admitting portable breathalyzer test results. *Id.* at 697. The court held that the results should not have been admitted because they were not admissible under Alabama's chemical test for intoxication statute. However, the court held that the error was harmless in light of the fact that appellant admitted that he had been drinking, his blood alcohol content as measured by an admissible test was above the legal limit, and there was evidence that he was driving in a hazardous manner. *Id.* at 698; *see also State* v. *Smith*, 352 N.W.2d 620, 624 (Neb. 1984).

Affirmed.

BROWN, J., concurs because he would hold that the trial court denied the motion in limine.