SLIP OPINION

Cite as 2014 Ark. App. 596

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-104

| | |
|---|---|
| DONNA KAYE MCCALL GRUNWALD, INDIVIDUALLY, AND AS TRUSTEE OF THE MCCALL FAMILY REVOCABLE LIVING TRUST U/D/T JULY 19, 1994; JACOB DANIEL GRUNWALD; AND JOSHUA DAVID GRUNWALD<br><br>APPELLANTS<br><br>V.<br><br>SHERALL DEAN MCCALL; REBA GAYLE MCCALL SISCO; RICHARD MARVIN MCCALL; JAMES PAUL MCCALL; JESSE LEE MCCALL; MARY JACQULINE MCCALL WEEMS; SARITA SUE MCCALL (COX) MEACHAM; CLARA JEANNE MCCALL WILLIAMS; and RANDI COLLEEN MCCALL SCOTT<br><br>APPELLEES | **Opinion Delivered** October 29, 2014<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT [NO. PR-2011-10]<br><br>HONORABLE GERALD K. CROW, JUDGE<br><br>AFFIRMED ON DIRECT APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL |

## RHONDA K. WOOD, Judge

This dispute among ten siblings returns to us after we dismissed an earlier appeal for lack of a final order. *See McCall v. Grunwald*, 2013 Ark. App. 232 (*McCall I*). The dispute involves approximately 150 acres of real property that was conveyed to a trust established by the parties' parents. One sibling, appellant Donna Grunwald, is opposed by her remaining siblings, appellees Sherall Dean McCall, Reba Gayle McCall Sisco, Richard Marvin McCall, James Paul McCall, Jesse Lee McCall, Mary Jacquline McCall Weems, Sarita Sue McCall

SLIP OPINION

(Cox) Meacham, Clara Jeanne McCall Williams, and Randi Colleen McCall Scott ("the siblings").[1]

The siblings petitioned the court to terminate the trust, to remove Grunwald as trustee and appoint a successor trustee, and to compel Grunwald to provide an accounting. Grunwald petitioned the court for a declaratory judgment asserting that her mother had executed a valid handwritten amendment to the trust. The court granted Grunwald summary judgment on the siblings' petition. The court directed a verdict in favor of the siblings on Grunwald's complaint. This appeal and cross-appeal challenge those rulings. We affirm on direct appeal and reverse and remand on cross-appeal.

In our first opinion, we set forth the following factual background.

> Jack Gail McCall and Vella Marie McCall established the McCall Family Revocable Living Trust, u/d/t July 19, 1994, as the settlors and initial trustees, with Grunwald named as successor Trustee.
>
> . . . .
>
> Jack McCall died . . . [and] Vella McCall, as surviving trustee, executed a quitclaim deed transferring the real property to herself and Grunwald as joint tenants with rights of survivorship. She also executed a document purporting to revoke the trust.
>
> . . . .
>
> On February 9, 2006, [the siblings] filed an action (. . . referred to as the deed litigation) against Vella McCall and Grunwald. The complaint alleged undue influence on the part of Grunwald and the incapacity of Mrs. McCall. In addition to requesting a return of the real property to the trust, [the siblings] sought the appointment of a successor trustee in place of Grunwald. Vella McCall died on February 26, 2006.

---

[1]Grunwald's children, Jacob Grunwald and Joshua Grunwald, were named defendants in the siblings' petition. However, there were no allegations involving Jacob or Joshua Grunwald in the petition. For ease of writing we will refer to Grunwald as the sole appellant.

By order entered on July 9, 2010, the deed litigation was resolved. The circuit court found that there was no undue influence on the part of Grunwald. However, the court found that Vella McCall was incapacitated at the time she executed the deed and revocation of trust. The court declared title to the property was "vested in the Trust and any valid amendments." Grunwald was not replaced as successor trustee. No appeal was taken from this order.

On March 2, 2011, [the siblings] filed the present action seeking an accounting for the trust, the removal of Grunwald as successor trustee, the appointment of a new successor trustee, and the termination of the trust.

Grunwald filed a response to the petition in which she . . . denied the material allegations of the petition. She also referenced the prior deed litigation and attached a copy of the court's order in the deed litigation. . . .

Grunwald filed a Complaint for Declaratory Judgment requesting that the circuit court declare a certain handwritten document signed by Vella McCall to be an amendment to the McCall Family Revocable Living Trust. The gist of this purported amendment was that Vella McCall wanted to place the farm in the names of Clara Jean McCall Williams and Grunwald as of the time of her death so they could keep the farm operating as a family farm. She also filed a motion to dismiss, later amended to include a motion for summary judgment, asserting that [the siblings'] petition was barred by the purported amendment to the trust instrument, as well as other provisions of the trust instrument. She also argued that res judicata and judicial estoppel were further bases for barring the petition.

At the conclusion of a July 6, 2011 hearing on the motion for summary judgment, the court took the matter under advisement. The court noted that a hearing on Grunwald's claim for declaratory judgment was reserved.

*McCall I*, 2013 Ark. App. 232, at 2–4 (footnote omitted).

Ultimately, on October 13, 2011, the court granted Grunwald summary judgment and the siblings appealed. We dismissed the siblings' previous appeal for lack of a final order because the court had yet to rule on Grunwald's declaratory- judgment petition. The circuit court then proceeded with the case and held a bench trial on Grunwald's complaint for declaratory judgment on the handwritten document as an amendment to the trust. The only witness was Grunwald. The issue of McCall's competency was raised and the court stated,

"I've taken judicial notice of previous testimony . . . she was not competent at that time."

When Grunwald rested her case, the siblings' attorney made a motion for directed verdict primarily based on Grunwald's failure to introduce the handwritten document into evidence. The court granted the directed verdict: "I have nothing before me on which I can refer to or rule on as to what would constitute an amendment and what the terms of that amendment would be. I have nothing to look at." Grunwald appealed and the siblings cross-appealed.

We address the direct appeal first. Grunwald's arguments are (1) the court erred by taking judicial notice of testimony that occurred in the first deed litigation case, (2) the court erred by granting the siblings' motion for directed verdict, and (3) upon reversal, she is entitled to a new judge due to her allegations that the court was biased against her. We affirm on each point.

First, the issue of whether the court erred by taking judicial notice of an expert witness's prior testimony is not preserved for our review. Grunwald had filed a motion in limine on this point, but failed to obtain a ruling. When the court declines to rule on a motion in limine, it is necessary for counsel to make a specific objection during the trial. *Massengale v. State*, 319 Ark. 743, 894 S.W.2d 594 (1995). Because she failed to object at trial, we cannot consider her argument. *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239.

Second, the court correctly granted the motion for a "directed verdict" against

Grunwald.[2] When a party moves for a directed verdict or a dismissal in a bench trial, it is the trial court's duty to review the motion by deciding whether, if it were a jury trial, the evidence would be sufficient to present to the jury. *See Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 61 S.W.3d 835 (2001). Here, Grunwald never introduced the handwritten document purporting to be an amendment to the trust into evidence. Grunwald argues that she presented sufficient evidence of Vella McCall's intent to amend the trust and that the handwritten document was that amendment. It is true that much of Grunwald's testimony focused on her mother's intent to modify the trust. However, she failed to introduce the document purporting to be that amendment into evidence. Because she failed to introduce the document into evidence, we cannot consider whether the handwritten document was effective to amend the trust. *See Rodriguez v. Ark. Dep't of Human Servs.*, 360 Ark. 180, 200 S.W.3d 431 (2004).

Third, Grunwald's recusal argument is waived because she did not raise it in a timely manner. In *Ashley v. Ashley*, we held, "To preserve a claim of judicial bias for review, appellant must have made a timely motion to the circuit court to recuse. Without such motion, the disqualification of a judge may be waived." 2012 Ark. App. 230, at 3–4 (citations omitted). Grunwald points to several examples of what she contends are exhibitions of the court's bias against her. For example, she points to a colloquy between the court and her attorney where the court said, "I'm not trying to try your case, Ms. France." Another example was where the attorney for the siblings made an objection and the court, after stating

---

[2] *See* Ark. R. Civ. P. 50(a) (stating that in nonjury cases a party should move for dismissal instead of a directed verdict at the end of the plaintiff's case).

that the objection was going to be its next point, said that it was not trying to make objections

for opposing counsel. However, neither time did Grunwald object to the court's actions.

Together with the fact that she did not seek recusal until after the court had granted the

directed verdict results in the waiver of the issue. *Ashley*, supra; see also Powhatan Cemetery,

Inc. v. Colbert, 104 Ark. App. 290, 292 S.W.3d 302 (2009) (holding that trial court did not

abuse its discretion in refusing to recuse where recusal is not sought until after an adverse

decision was rendered). For the above reasons, we affirm on Grunwald's direct appeal.

Turning to the cross-appeal, we reverse the circuit court's decision granting Grunwald

summary judgment on the siblings' claims. It is difficult for us to glean the precise reason for

the court's decision on summary judgment. The court took the matter under advisement

following the hearing and then issued an order that simply states:

> The court is very familiar with the facts of the case and notes that many of the
> issues raised by the parties were closely related to the issues tried in case number
> Carroll County CV 2006-14 WD.
> Upon review of all the arguments, pleadings and statements of counsel
> the court finds that [Grunwald's] motion for summary judgment is granted.

The siblings filed a motion asking the court to make findings of fact and conclusions of law

regarding the specific basis for the court's ruling. The court failed to rule on the motion, and

it was deemed denied. Thus, on appeal, the siblings list multiple points for reversal on their

cross-appeal, in essence arguing that there was no conceivable persuasive reason for the court

to grant summary judgment.

A motion for summary judgment should be granted if there are no material facts in

dispute and the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P.

56(c)(2). On review, we view the evidence in the light most favorable to the party against

whom the motion was granted and we resolve all doubts in favor of that party. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. However, as to issues of law, we conduct a de novo review. *Id.*

Given that the court's order specifically referenced the prior-deed litigation case, we focus on arguments surrounding that case's effect on the current litigation. Grunwald contended that the siblings' action was barred by res judicata and/or collateral estoppel. Before we can determine if res judicata applies to the present case, we must determine the specific claims that were presented in the earlier deed litigation. *Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994). After comparing the claims made and ruled upon in the deed litigation and the claims presented by the siblings in the present case, we cannot say that the present case is barred by the order deciding the earlier case.

The deed litigation concerned claims that Vella McCall did not have the capacity to transfer assets from the trust to herself and Grunwald. It was alleged that McCall was subject to Grunwald's undue influence, which resulted in the purported transfers of all assets from the trust, as well as McCall's revocation of the trust. Further allegations were that McCall, as trustee, had not provided an accounting to the beneficiaries of the trust. The relief sought was the setting aside of the transfer of the property and revocation of the trust, requiring the trustee to provide an accounting, and the naming of a successor trustee.

In contrast, the present case seeks to replace Grunwald as successor trustee because of her self-dealing with the trust property and her failure to provide an accounting. These events could not have occurred until she became the successor trustee after her mother's death. The present litigation also seeks the termination of the trust and the distribution of the assets of the

7

trust according to the terms of the trust instrument.

Although res judicata can bar issues which may have been raised in the earlier litigation, *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393, 430 S.W.3d 29, we cannot say that the issues sought to be raised by the siblings in this litigation are barred by res judicata.

In addition, the siblings were not estopped from pursuing the current litigation. The doctrine of judicial estoppel prevents a party from availing himself of inconsistent positions in litigation concerning the same subject matter. *Breckenridge v. Breckenridge*, 2010 Ark. App. 277, at 8, 375 S.W.3d 651, 657. The siblings' position concerning the trust has not changed. In the prior deed litigation, the siblings contended that the farm land remained in the trust and that their mother had not amended the trust. This position remains consistent in the current litigation. We therefore hold that the siblings are not judicially estopped in this matter.

Accordingly, we reverse and remand the summary judgment for further proceedings on the siblings' petition.

Affirmed on direct appeal; reversed and remanded on cross-appeal.

GLOVER and VAUGHT, JJ., agree.

*Connie S. France*, for appellants.

*Kelley Law Firm, a professional limited liability company*, by: *Glenn E. Kelley*, for appellees.