## Ex Parte HENION.

### Cr. No. 505; December 5, 1898.

#### 55 Pac. 326.

**Habeas Corpus—Moot Cases.**—Habeas Corpus cannot be Resorted to, to obtain a speedy decision as to the validity of an ordinance, where petitioner is not in fact suffering imprisonment, or where the imprisonment terminates on the day of the hearing.[1]

APPEAL from Superior Court, Solano County.

Petition by A. C. Henion for a writ of habeas corpus. Discharged.

C. P. Stevens, T. E. Dunlap and J. A. Plummer for petitioner; Attorney General Fitzgerald for respondent.

PER CURIAM.—This is an application for a writ of habeas corpus. At the hearing, it was shown that the petitioner was not in fact suffering imprisonment, and that the case was in its nature a moot case, by which a speedy decision was sought to be obtained upon the question of the validity of an ordinance of Solano county. Moreover, it was shown that the alleged imprisonment of petitioner would this day come to an end, and the judgment be fully executed by lapse of time. The business of this court between bona fide litigants is of altogether too great a magnitude to warrant or even to excuse us in pretending moot cases. The writ is discharged.

---

[1] Cited in the note in 35 L. R. A., N. S., 885, on habeas corpus in case of bail, parole or voluntary surrender.