EX PARTE RUBLY.

4747                                    261 S. W. 2d 4

Opinion delivered October 5, 1953.

*Cole & Epperson* and *W. H. McClellan,* for petitioner.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for respondent.

SAM ROBINSON, Justice. On March 13, 1953, the prosecuting attorney of Hot Spring County filed an information charging Grant Rubly, Jr., with the crime of burglary. Subsequently the prosecuting attorney suggested to the court the possibility of the defendant's being insane and moved that he be committed to the State Hospital for a mental examination. At a hearing on the motion evidence was taken calculated to shed light on the mental capacity of the defendant. Thereupon on May 12 the court ordered the defendant committed to the State Hospital for a mental examination. On May 18 defendant filed in this court a petition for a writ of habeas corpus alleging that inasmuch as it had been stated to the trial court that insanity would not be pleaded as a defense, the court was without authority to commit the defendant to the hospital for a mental examination, and alleged that he was, therefore, being unlawfully held.

The petition for the writ of habeas corpus was merely filed with the clerk of this court as any ordinary case, and was not called to the attention of any member of the court. No attempt was made to obtain an immediate hearing on the petition. On June 17 petitioner filed a brief on the question. Ordinarily the State's brief would have been due July 8; however, court adjourned for the summer on July 6. Before petitioner's brief was filed, he was diagnosed as sane and released from the hospital. Hence the question presented is not only moot at this time, but was moot at the time petitioner's brief was filed.

The nature of this case is not such that if the point in question is not decided it will always be moot for the reason that a person in every instance would be released from the hospital before the court in regular course of procedure could decide the issue. If the petition for the writ had been presented to any member of this court, the writ could have been issued immediately and the matter set for a hearing on its merits a few days hence.

Ark. Stat., § 34-1702, provides: "The writ of habeas corpus shall be issued upon proper application by the following officers: By a judge of the Supreme Court or of any chancery court during the sitting of their respective courts or in vacation. The power of the Supreme, circuit or chancery courts to issue writs of habeas corpus shall be coextensive with the State." and § 34-1703 provides: "The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in the first section of this article (§ 34-1702), to any person who shall apply for the same by petition, showing, by affidavit or other evidence, probable cause to believe he is detained without lawful authority, or is imprisoned when by law he is entitled to bail."

In *Kays* v. *Boyd,* 145 Ark. 303, 224 S. W. 617, it is said: "It is the duty of this court to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon abstract propositions or to declare principles of law which can not affect the matter in issue in the case at bar."

It appears to be the weight of authority that if, pending an appeal, the restriction is removed and the accused procures his release, he can not thereafter maintain a proceeding previously begun for a writ of habeas corpus. *Ex Parte Erwin,* 7 Tex. App. 288; *State ex rel. McMonagle* v. *Konshak,* 136 Minn. 331, 162 N. W. 353; *Ex Parte Henion,* 6 Cal. Unrep. Cas. 182, 55 Pac. 326. Petitioner has been released, the issue is moot, and, therefore, the petition for the writ is denied.