MINGE *v.* MINGE.

5-945

289 S. W. 2d 189

Opinion delivered April 16, 1956.

*S. L. Richardson,* for appellant.

*Herrn Northcutt* and *Oscar E. Ellis,* for appellee.

SAM ROBINSON, Associate Justice. On December 6, 1954, appellee, Wanda Va Minge, was granted a divorce from appellant, Lehman M. Minge, and she was awarded custody of their five children, ranging in age from thirteen months to seven years. Appellant was ordered to pay $115.00 per month as support for the children. Only about four months later, on April 12, 1955, appellee filed a petition alleging that appellant was $486.00 behind in the payment of support as ordered by the court, and asked that he be cited for contempt. In response, appellant asked that the monthly payments of $115.00 be reduced, or that he be given custody of the children. The chancellor denied a reduction of the $115.00 per month, denied change of custody of the children, and committed the appellant to jail for contempt. The court also ordered that appellant's parents be allowed to have the children two Sundays out of each month, provided a bond was made in the sum of $1,000.00 for their return, as directed by the court.

Appellant purged himself of the contempt by paying the delinquent support money, and was released from jail; hence, the question of whether the court erred in holding him in contempt is moot. *Ex Parte Rubly,* 222 Ark. 423, 261 S. W. 2d 4. No facts are shown that would justify a change in custody of the children. As to whether the court erred in denying a reduction in the $115.00 per month support for the five children, appellant has married again since he was divorced by appellee, but it appears his present wife is self-supporting. He earns a salary of about $275.00 per month; after he sends appellee $115.00 per month for the children, he has remaining about $160.00, and he says he cannot live on that amount. But, there is no showing that he cannot live on $160.00 as well as his five children can live on $115.00 per month; in fact, it appears that on $115.00 per month the children can have only the barest necessities, and the monthly payments cannot be reduced without causing the children actual suffering.

We cannot say there was an abuse of discretion on the part of the trial court in requiring a $1,000.00 bond guaranteeing that when the children are taken on Sunday they will be returned to the mother, as directed by the court.

Affirmed.