Stacy Maurice BALLEW *v.* STATE of Arkansas

CR 88-140                                          766 S.W.2d 14

Supreme Court of Arkansas
Opinion delivered March 6, 1989

*Slagle & Rhodes*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was charged with capital murder, aggravated robbery, and theft of property. He was convicted by a jury of first degree murder, aggravated robbery, and theft of property. The sentences were 15 years, 25 years, and 10 years, respectively, with the terms to run consecutively. For reversal the appellant argues that his sentencing for both first degree murder and aggravated robbery violates the double jeopardy clause of the United States Constitution and Ark. Code Ann. § 5-1-110 (1987). We agree with the contention that the conviction and sentence for aggravated robbery should be set aside.

The facts in this case are not in dispute, and the sufficiency of the evidence is not challenged. Therefore, we will not set out the facts in detail but state only that there was sufficient evidence to support verdicts of first degree murder, aggravated robbery, and theft of property.

The sole issue before this court is whether the sentence for aggravated robbery should be set aside. In order to determine the answer to this question, it is necessary only that we consider the provisions of Ark. Code Ann. § 5-1-110(a)(1) and the prior decisions of this court. According to the statute under consideration:

> (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (1) One offense is included in the other, as defined in subsection (b) of this section . . . .
>
> (b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:
>
> (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged . . . .

In the present case, the appellant was charged with capital felony murder in furtherance of the underlying crime of aggravated robbery. He also was charged with theft of property. The conviction was for first degree murder, sometimes called felony murder, which is committed by the killing of another person in the commission of any felony. The court instructed the jury on both the capital felony murder and the lesser included offense of murder in the first degree. There is no argument in this appeal that the instructions were not properly given. As the charges went to the jury, aggravated robbery was the supporting felony for the capital murder charge. Even though the appellant was convicted only of first degree murder, this conviction required proof of an underlying felony. Here, the underlying felony was aggravated robbery, as it was in the original charge of capital felony murder.

■ In a long line of cases going back to *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981), we have held that when a criminal offense by definition cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses. See Ark. Stat. Ann. § 41-105(1)(a) (Repl. 1977), now Ark. Code Ann. § 5-1-110(a)(1) (1987); and *Akins* v. *State*, 278 Ark. 180, 644 S.W.2d 273 (1983). In other cases strikingly similar to the present one, where the accused was convicted of both capital murder and aggravated robbery, we have vacated the sentence imposed by the trial court for the lesser included offense of aggravated robbery. *Singleton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981). See also *Barnum* v.*State*, 276 Ark. 477, 637 S.W.2d 534 (1982); *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982); and *Brewer* v. *State*, 277 Ark. 40, 639 S.W.2d 54 (1982).

In a more recent case, *McClendon* v. *State*, 295 Ark. 303, 748 S.W.2d 641 (1988), we noted that aggravated robbery was one of the seven felonies which may support a charge of capital felony murder. It was argued that only robbery was one of the seven named felonies. In *McClendon*, we held that either aggravated robbery or robbery would support a charge of capital murder. The opinion stated that armed robbery "was the underlying felony relied upon by the state to establish the crime of capital murder. The robbery was an essential element of the crime of capital murder. Therefore the appellant could not have been sentenced for aggravated robbery in this case." See also *Carmichael* v. *State*, 296 Ark. 479, 757 S.W.2d 944 (1988).

■ The convictions and sentences for first degree murder and theft of property are affirmed. The sentence for aggravated robbery is vacated. The case is remanded to the trial court with instructions to proceed in a manner consistent with this opinion.

Affirmed as modified.

HAYS, J., dissents.

GLAZE, J., would affirm.

STEELE HAYS, Justice, dissenting. I respectfully dissent to the majority opinion for two reasons: first, I can find no objection before the trial court to appellant's conviction of aggravated robbery and theft of property as included offenses of first degree

murder. We have held repeatedly that if such arguments are to be raised on direct appeal, they must first be presented to the trial court. *Stephens* v. *State*, 293 Ark. 366, 738 S.W.2d 91 (1987); *Wilson* v. *State*, 272 Ark. 361, 614 S.W.2d 663 (1981); *Swaite* v. *State*, 274 Ark. 154, 623 S.W.2d 176 (1981); *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981). While we make exception in death cases, that rule has no application here. *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982).

Second, the appellant does not contend that he cannot be convicted for first degree murder and either aggravated robbery *or* theft of property. The argument is that he cannot be convicted of both, because one of the two felonies is an element of first degree murder and, hence, an essential element of that offense. The problem is that we cannot tell which of the two felonies the jury treated as included in first degree murder. However, it was the appellant's responsibility to preserve that point in the record so that reversible, prejudicial error could be demonstrated on appeal. *Snell* v. *State*, 290 Ark. 503, 512, 721 S.W.2d 628 (1986).

Under our decisions, I believe the appellant's recourse, if any, is by post-conviction relief rather than by direct appeal.