Clint Eric REASER *v.* STATE of Arkansas

CA CR 93-1280                                    883 S.W.2d 851

Court of Appeals of Arkansas
Division II
Opinion delivered September 28, 1994

8

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was found guilty by the circuit court, sitting without a jury, of DWI, first offense. He was sentenced to ten days in jail to be suspended conditioned upon no further alcohol offenses committed in one year and was ordered to comply with the recommendations of the Ozark Guidance Center. He was also ordered to pay a fine and court costs totaling $898.00 and had his driver's license suspended for 120 days. On appeal, he argues that he was denied his constitutional right to a jury trial. We agree and reverse and remand for a new trial.

The appellant was convicted of DWI in the Springdale Municipal Court and appealed his case to the Washington County Circuit Court for a trial *de novo*. On May 12, 1993, the circuit court sent out a notice of trial setting to the appellant's counsel which advised that the court was to be notified 48 hours in advance if a jury trial was requested. On July 8, 1993, the appellant and his counsel appeared for trial in the circuit court.

The following colloquy occurred at the beginning of the appellant's trial held on July 8, 1993, in the Washington County Circuit Court.

THE COURT: Is the defendant ready to proceed?

MR. NORWOOD (DEFENSE COUNSEL): We're ready to put on a defense, Your Honor, but this is supposed to be a jury and I don't know if a jury has been summoned.

THE COURT: Well, Mr. Norwood, let me explain to you what the situation is. Back on May 12th of this year, 1993, you were given notice — the notice appears in the file — that this matter was set for trial today. And in that notice the statement appears, "Please notify this office" — meaning my office — "that if you're requesting a jury trial, that request must be made at least forty-eight hours in advance." As you I'm sure recall, we have discussed this problem on numerous occasions. It's my understanding — and Mr. Blocker you correct me if I'm wrong — you have made a number of attempts to contact Mr. Norwood's office and determine whether or not in fact this case was going to need a jury or whether this case was going to be tried prior to today's trial date. Is that correct?

MR. BLOCKER: I talked to representatives in Mr. Norwood's office probably five times in the last week. I think yesterday morning Becky called me and said it would be a jury trial.

THE COURT: All right, you received notice yesterday morning.

MR. BLOCKER: Yesterday morning.

THE COURT: Twenty-four hours in advance. Is that correct?

MR. BLOCKER: Yes, sir.

THE COURT: Mr. Norwood, I tried to contact your office some ten days ago on this case and another case; on this case to determine whether or not in fact we needed a jury here. I was advised that you were in Florida and that you couldn't be contacted in Florida. I have not heard directly from you in this case that you in fact were requesting a jury trial until this morning when you announced when I called the docket that you were requesting a jury trial. Con-

sequently, because we have not heard directly from you, and because attempts had been made by Mr. Blocker and myself to contact you with reference to this request for a jury trial and whether or not you needed a jury trial or wanted a jury trial or your client wanted a jury trial, I — we did not call the jury panel today. As you well know, we set fourteen to eighteen municipal appeals once a month and when a jury is formally requested by the attorney or by the client who may be representing himself or herself pro se, we'll have the jury panel here ready to go. In fact, you've tried probably ten cases here in the last year or so to juries. I quite frankly feel that you've failed to comply with notice and consequently we don't have a jury here today. So I'm going to give you the opportunity, or give your client the opportunity, to try this case to the Court. But there will be no jury trial.

MR. NORWOOD: Are you telling me we're going to have a bench trial over the defendant's objection that he wants a jury?

THE COURT: That's right, that's exactly what I'm telling you.

MR. NORWOOD: We object. Note our exceptions. And I guess the State can go ahead and proceed.

The appellant contends and the State concedes that he was denied his right to a jury trial. The Arkansas Constitution provides that an accused in a circuit court case has a right to a trial by jury and that the right shall remain inviolate unless waived by the parties in the manner prescribed by law. Ark. Const. art. 2, §§ 7, 10. The manner prescribed by law is set out in Arkansas Rules of Criminal Procedure 31.1—31.3. In order for a defendant to waive his right to a jury trial, he must do so personally either in writing or in open court and the waiver must be assented to by the prosecutor and approved by the court. Ark. R. Crim. P. 31.1, 31.2.[1] A criminal defendant bears no burden of demanding a trial by jury and the contemporaneous objection

---

[1] In misdemeanor cases where only a fine is imposed by the court, a jury trial may be waived by the defendant's attorney. Ark. R. Crim. P. 31.3.

rule is inapplicable to the failure to afford a trial by jury. *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994). In *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992), our Supreme Court stated:

> In every criminal trial where there is a right to trial by jury, the court should proceed as if a jury were to be used unless waiver takes place in accordance with the law. . . . The burden is on the trial court to assure that, if there is to be a waiver of the right to jury trial in a criminal case, it be done in accordance with the Rule by which we have implemented our Constitution.

310 Ark. at 749, 841 S.W.2d at 596.

In *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992), the Court reversed the appellant's convictions and held that he was entitled to a jury trial even though the appellant and his attorney received written notice that his case had been set for non-jury trial and at trial neither the appellant nor his counsel requested a jury trial or objected to proceeding without a jury. The right to a trial by jury is not subject to forfeiture for failure to comply with procedural rules and the law providing the manner of the waiver is designed to assure that the jury trial right is not forfeited by inaction on the part of the defendant. *Id.; Calnan v. State, supra.*

We are well aware that our decision based on the holdings in *Calnan* and *Winkle* could lead to an abuse of the criminal justice system. While we are not implying that is what occurred in the case at bar, we recognize that this construction of the Arkansas Constitution and Rules of Criminal Procedure could encourage a defendant to sit silently through a non-jury trial while waiting to see first if he might obtain a favorable decision and then raise the jury trial issue only after being convicted. However, this may be the price the judicial system must pay to ensure that a defendant is not deprived of his fundamental constitutional right to a trial by jury. We are also sensitive to the trial judge's situation in trying to manage, in an orderly fashion, his or her docket, but again, the Supreme Court has strictly enforced the rule regarding waiver, and we are constrained to do the same.

In the case at bar, the record does not indicate that

the appellant waived his right to a jury trial in accordance with the provisions of the rules of criminal procedure and, consequently, we reverse and remand for a new trial.

Reversed and remanded.

ROBBINS and ROGERS, JJ., agree.