Vernell DIXON *v.* STATE of Arkansas

CR 94-923                                          891 S.W.2d 59

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*William R. Simpson, Jr.,* Public Defender, by: *C. Joseph Cordi, Jr.,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The State charged appellant with committing capital felony murder during the course of, or while fleeing from, an aggravated robbery. The State separately

charged appellant with aggravated robbery. The jury found him guilty of both capital murder and aggravated robbery. The underlying aggravated robbery felony was an essential element of the capital murder, and appellant could not be punished for both crimes. *See Ballew* v. *State*, 298 Ark. 175, 766 S.W.2d 14 (1989); Ark. Code Ann. § 5-1-110(a)(1)&(b)(1) (Repl. 1993). The trial court correctly entered the judgment of conviction for capital murder only and sentenced appellant to life without the possibility of parole. On appeal, appellant contends the evidence was insufficient to convict him of capital murder. We affirm the judgment of conviction.

Appellant gave three statements to the police, and all three were admitted into evidence. In the statements, appellant admitted the following: he and Lorenzo Jiles discussed robbing Donald Weems; he purchased a .25 caliber semi-automatic pistol from a pawn shop; he and Jiles lured Weems to the back of appellant's apartment on Gaines Street in Little Rock; in his presence, Jiles shot Weems in the head with the .25 caliber pistol; Jiles took the decedent's wallet and gave him forty dollars; he and Jiles loaded Weems's body into the trunk of Weems's car, and he placed a gasoline can in the car; he drove the car to his grandfather's farm near Dermott where he and Jiles unloaded Weems's body on a field turn-row; Jiles poured gasoline on the body and set it on fire; and he drove Jiles back to Little Rock.

Other witnesses testified to the following corroborating events. On the night Weems was killed, appellant phoned Weems and asked him to come to his apartment, and Weems was subsequently seen at appellant's apartment. Appellant was driving Weems's car when stopped by police a day after the body was found; Weems's car title and bill of sale were in the car, but a line had been drawn through Weems's name and appellant's name had been written over Weems's name. Appellant said he did that because he "was just seeing how it looked." Both expended hulls and unexpended .25 caliber cartridges were found in the car trunk along with blood spots; expert testimony established that Weems died from being shot with a .25 caliber weapon, and additional expert testimony established that the shot that killed Weems was fired from the .25 caliber pistol that appellant purchased from the pawn shop.

Appellant argues that he did not assist in the robbery

with the purpose of killing Weems, and, consequently, he was not an accomplice to capital murder. It does not matter that he did not intend to kill Weems. Under the capital murder statute, Ark. Code Ann. § 5-10-101(a)(1) (Repl. 1993), it is not necessary that the State show that the defendant took an active part in the killing so long as he assisted in the commission of the underlying crime. *Sellers* v. *State*, 300 Ark. 280, 778 S.W.2d 603 (1989). A defendant must only have the requisite intent for the underlying felony. Substantial evidence established appellant as an accomplice to the underlying aggravated robbery, and it was committed under circumstances manifesting extreme indifference to the value of human life. We have repeatedly held that, to be convicted of a felony murder, it is not necessary that the defendant be shown to have taken an active part in the killing as long as he was an accomplice and had the requisite intent for the underlying felony. *See, e.g., Walker* v. *State*, 308 Ark. 498, 825 S.W.2d 822 (1992).

■ Appellant asks us to distinguish this case from our prior holdings because, he contends, his role in the crime was of a nonviolent nature. We decline to overrule our prior cases by making such a distinction. This case is exactly the kind of case we intend our rulings to govern. *See Sellers*, 300 Ark. 280, 778 S.W.2d 603. Appellant also asks us to distinguish this case because, he contends, he was unaware that the victim would be killed in the aggravated robbery. Again, we decline to make such a distinction. The proof showed that appellant was an accomplice and had the requisite intent for the aggravated robbery, supplied the .25 caliber pistol used in the robbery, and was present when the victim was killed in the course of the robbery. Such proof is sufficient to sustain the conviction for capital felony murder. *Walker*, 308 Ark. 498, 825 S.W.2d 822.

In compliance with Rule 4-3(h) of the Rules of the Supreme Court and Court of Appeals, an examination has been made of all rulings adverse to appellant, and no reversible error was found.

Affirmed.