Joseph O'NEAL *v.* STATE of Arkansas

CR 95-148                                            907 S.W.2d 116

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*Haddock & Mazzanti*, by: *Joseph P. Mazzanti, III*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Joseph O'Neal and Charles McGehee were charged with capital murder of a ninety-two-year-old woman, Louisa M. Johnson. The state alleged that O'Neal and McGehee killed Johnson while in the course of and in furtherance of committing the offenses of robbery, burglary and rape. In a trial separate from McGehee, O'Neal was found guilty of first degree murder, robbery and burglary. He was sentenced to life imprisonment on the murder conviction and twenty years each on the robbery and burglary offenses.

O'Neal first argues the trial court erred in denying his motion for directed verdict. In reviewing such motions on appeal, the test is whether there is substantial evidence to support the verdict, and in doing so, we review only the evidence that supports the convictions and do not weigh it against other conflicting proof favorable to the accused. *Robinson* v. *State*, 318 Ark. 33, 883 S.W.2d 469 (1994).

Here, O'Neal admitted that, on the night of April 19, 1993, he and McGehee went to the back of Johnson's house, where they smoked crack and drank two cans of Colt 45 Malt Liquor which were found later by officers who investigated Johnson's homicide. O'Neal said that he gave McGehee a knife purportedly to cut rope, but instead McGehee used it to cut a window

screen on the side of the Johnson home. Evidence also showed O'Neal admitted that, after McGehee kicked down Johnson's back door, both he and McGehee entered the Johnson house. O'Neal further related that he saw McGehee hold Johnson on the floor with her hands and feet tied with neckties; McGehee also had his hand up Johnson's gown. O'Neal told McGehee to prevent Johnson from seeing O'Neal's face because Johnson knew him; O'Neal had mowed Johnson's yard. O'Neal added that he pilfered Johnson's purse while McGehee held Johnson on the floor. He related further that he saw McGehee taking Johnson's television but McGehee abandoned it after O'Neal warned that someone might see them with it when they left. O'Neal said that, after they left the Johnson home, McGehee displayed a twenty dollar bill, but O'Neal claimed "he did not know where it came from."

Johnson was found dead at her house the next morning, April 20, 1993. Her hands and feet were bound with neckties. An autopsy was performed on Johnson and a medical examiner opined Johnson had been strangled. Officers investigating Johnson's homicide found cut television and telephone cables, a television out of place and apparently abandoned in the kitchen, Colt 45 beer cans later examined revealing O'Neal's fingerprints, a purse and men's ties on the floor of the crime scene, all of which corroborated O'Neal's statement of what occurred on the night of April 19th.

■ A person commits murder in the first degree if, acting alone or with one or more persons, he commits or attempts to commit a felony, and in the course of and in the furtherance of the felony or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-102(a)(1) (Repl. 1993). This court has repeatedly held that to be convicted of a felony murder, it is not necessary that the defendant be shown to have taken an active part in the killing as long as he was an accomplice and had the requisite intent for the underlying felony. *Dixon* v. *State*, 319 Ark. 347, 891 S.W.2d 159 (1995).

■ In the nature of an affirmative defense, O'Neal claimed that, although he was present during the robbery and

had witnessed McGehee hold Johnson to the floor, he was unaware of Johnson's death. And while he admits having pilfered $ .80 from Johnson's purse, knowing McGehee intended to steal her television and asking McGehee to prevent Johnson from identifying O'Neal, he argues he in no way "solicited, commanded, induced, procured, counseled or aided in the homicidal act." Ark. Code Ann. § 5-10-102(b)(1) (Repl. 1993). Also, as a part of his defense, he claims the evidence sufficiently reflects that he did not reasonably believe McGehee intended to engage in conduct which could result in Johnson's death or her serious physical injury. § 5-10-102(b)(4). It is settled law that an affirmative defense is established as a matter of law only if there are no factual issues to be resolved by the trier of fact. *Owens* v. *State*, 300 Ark. 73, 797 S.W.2d 205 (1989).

█ From O'Neal's admissions and other evidence discussed previously, we conclude the state met its burden of proof as to the elements of the offense of first-degree murder, and O'Neal fell short of establishing an affirmative defense to that crime. *Walker* v. *State*, 308 Ark. 498, 825 S.W.2d 822 (1992). Although O'Neal suggests he in no way counseled or induced Johnson's murder, the jury could have reasonably concluded O'Neal counseled or even aided in Johnson's death since it was he, not McGehee, who knew Johnson and could have been identified by her. In addition, from O'Neal's own description of what occurred and the other evidence corroborating it, a jury, too, could have reasonably believed O'Neal was fully aware that his and McGehee's conduct could cause Johnson's death or serious physical injury.

In his second point for reversal, O'Neal states the trial court instructed the jury on capital murder, giving the underlying felonies of burglary, rape and robbery, and then on the lesser included offense of first-degree murder, listing only the underlying felony of theft of property valued at more than $200.00. He points out that, in returning a first-degree murder verdict and separate verdicts for burglary and robbery, the jury found no theft of property because the state proved only that O'Neal stole $ .80 from Ms. Johnson's purse the night she was killed. Because the theft was less than $200.00, he asserts the first-degree murder charge should be dismissed.

█ In defining capital murder, § 5-10-101(a)(1) sets out seven felonies, including the burglary, rape and robbery felonies named in O'Neal's charges. When defining first-degree murder, the statutory law set out in § 5-10-102(a)(1) mentions the words "a felony" without listing specific felonies. In *Cromwell v. State*, 269 Ark. 104, 598 S.W.2d 733 (1980), this court explained it was unwilling to say the reference in § 5-10-102(a)(1) to "a felony" was meant to exclude the seven felonies specified in the capital murder statute, § 5-10-101(a)(1). The court further explained that the actual wording of the first-degree murder statute may have been chosen to lighten the possible punishment that might be imposed for conduct falling within the strict definition of capital murder — a consequence that might be acceptable both to the prosecution and to the defense. The *Cromwell* court also held that no constitutional infirmity existed in the overlapping of the two statutes, because there is no impermissible uncertainty in the definitions of the offenses.

Here, in instructing the jury on capital murder, the trial court very clearly defined the predicate crimes of rape, robbery and burglary, and in giving the first-degree murder instruction, the judge defined the offense of theft of property valued at more than $200.00. Significantly, the judge also gave AMCI2d 1006 which is used when the subject offenses are being submitted to a jury in a case involving a homicide which occurred during the commission of another crime. That instruction reads as follows:

> Now, when a death occurs during the commission or attempted commission of another crime, capital murder is proved only if that crime constituted rape, robbery, or burglary, and all other elements of capital murder are proved. *Murder in the first degree is also proved if the other crimes committed to or attempted constituted rape, robbery, burglary or theft of property over $200 in value.* And all other elements of murder in the first degree are proved. (Emphasis added.)

█ In sum, we conclude that the jury here was permitted to find guilt of first-degree murder where the associated crime committed was one of the felonies named in the capital murder statute, *Cromwell*, 269 Ark. 104, 598 S.W.2d 733. In the circumstances presented, the trial court clearly instructed the jury

that it could find O'Neal guilty of first-degree murder if the crimes of rape, robbery, burglary, or theft of property over $200 in value were proved. Because the jury found O'Neal was guilty of robbery and burglary, O'Neal's first degree murder verdict should be sustained.

Before leaving O'Neal's second point, we mention his reference to having been convicted of robbery and burglary when those crimes were charged as underlying felonies to his murder charge. He contends that his sentences violate the Double Jeopardy Clause. *See Ballew* v. *State*, 298 Ark. 175, 766 S.W.2d 14 (1989) (when a criminal offense by definition cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses).

In reviewing the record, it appears O'Neal was never separately charged with burglary and robbery, yet he was convicted of first-degree murder with the underlying felonies being burglary and robbery *and* convicted separately of burglary and robbery as well. O'Neal failed to obtain a ruling below on these burglary and robbery convictions, so we will not consider that alleged error for the first time on appeal. *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994). However, he is not precluded from raising this issue in a separate Rule 37 proceeding if he chooses. *Id.*

In his final argument, O'Neal states that, after he was convicted and sentenced, he moved that his sentence should be vacated because the jury had never been sworn in accordance with Ark. Code Ann. § 16-89-109 (1987). He claims the trial court erred in denying his motion. O'Neal is wrong. In order to preserve objections regarding any irregularities affecting the selection or summoning of the jury panel, a timely objection must be made. *Gidron* v. *State*, 316 Ark. 352, 872 S.W.2d 64 (1994); *see also Edens* v. *State*, 235 Ark. 996, 363 S.W.2d 923 (1963). Here, O'Neal waited too late.

For the reasons above, we affirm. We add that the record has been examined and the court has determined that there are no rulings adverse to O'Neal which resulted in prejudicial error.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I concur in the result

but disagree that the underlying felonies for the first-degree felony murder conviction were robbery and burglary. The jury was instructed:

> Well, then, ladies and gentlemen, if you have a reasonable doubt of the defendant (sic) guilt on the charge of capital murder, you will then consider the charge of murder in the first degree. And I will (sic) like to give you an instruction on first degree murder. To sustain the charge of murder in the first degree, the State must prove the following things beyond a reasonable doubt:

> First: The State must prove that Joseph O'Neal acting along (sic) or with one or more other person (sic), committed or attempted to commit theft of property valued at more than $200.00 hundred dollars; and

> Secondly: That in the course of and in the furtherance of that crime or attempted crime, Joseph O'Neal or a person acting with him caused the death of Louisa Johnson under circumstances manifesting extreme indifference to the value of human life.

> As the charge of the lesser included offense of murder in the first degree, and the lesser included offense of manslaughter. The State tends (sic) that the death of Louisa Johnson occurred during the commission or attempted commission by Joseph O'Neal of the crime of theft of property value (sic) at more than $200 dollars or an immediate light therefrom.

> To prove the crime of thief (sic) of property, the State must prove beyond a reasonable doubt that the defendant, Joseph O'Neal knowingly took unauthorized control over the property of another person, with the purposes of depriving the owner there of. If the crime of theft of property is not proven to have been committed or attempted by Joseph O'Neal or any accomplice, he is not guilty of the offense of murder in the first degree or manslaughter.

In my opinion, theft or attempted theft was the underlying felony for the murder conviction.

It is true, as the majority opinion relates, that in instructing

the jury on the difference between capital felony murder and first-degree felony murder, the court referred generally to the underlying felonies for both categories of murder as being rape, robbery, burglary, and theft. But the appellant does not dispute that theft was the underlying felony. In fact, he argues as his second point the following:

## II.

The Trial Court Erred In Refusing To Dismiss Appellant's Conviction of First Degree Murder Where The State Failed To Prove The Underlying Felony of Theft of Property

He then states in his brief that it was clear from the instruction that the underlying felony used to support his first-degree murder conviction was theft. He only challenges his separate robbery and burglary convictions should it be contended that they are the predicate felonies in lieu of theft. His primary contention on appeal is that $0.80 was taken, not more than $200.

At this stage, I can only conclude that theft or attempted theft was the underlying felony for the murder and that the convictions of robbery and burglary must stand. Whether the robbery and burglary convictions are subject to collateral attack, as offenses that were never charged, remains to be seen.