Ken SWINDLE *v.* STATE of Arkansas

CR 07-1281                                                 285 S.W.3d 200

Supreme Court of Arkansas
Opinion delivered May 29, 2008

[Rehearing denied September 18, 2008.]

*Doug Norwood*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for amicus curiae Arkansas Trial Lawyers Association.

JIM HANNAH, Chief Justice. Appellant Ken Swindle brings this appeal raising numerous challenges to the Washington County Circuit Court's order finding him in contempt of court and sentencing him to 24 hours' confinement in the Washington County Detention Center. The State contends that, because Swindle has already served his sentence of confinement, his appeal is moot and should be dismissed.

Attorney Swindle represented defendant Juan Lux-Lux on a charge of first-degree forgery. Swindle appeared with Lux-Lux at an arraignment in the circuit court on July 11, 2007. At the arraignment, the circuit court informed Lux-Lux that he was entitled to a jury trial. On July 12, 2007, the circuit court transmitted, by facsimile, a letter order to Swindle, notifying him that Lux-Lux's trial had been set for September 10, 2007. Also included in the letter was the following statement: "*If a jury is requested, please notify my office at least 48 hours in advance, or it will be assumed that a bench trial is sufficient or a plea will be entered on the trial date.*"

On July 13, 2007, Swindle filed a Motion to Continue and Objection to Notice, on behalf of Lux-Lux. The motion stated that the 48-hour notice requirement was "ambiguous and unclear to the Defendant." Further, the motion provided that there had been no omnibus hearing in the matter and that the "Defendant [had not] waived any of his Constitutional rights." Therefore, Lux-Lux "object[ed]" to the notice sent by the circuit court. The motion also noted that Swindle had a scheduling conflict with the date set for trial. Finally, the motion requested that the trial set for September 10 be continued, that Lux-Lux be given a date for an omnibus hearing, "and for all other rights guaranteed to him by the Arkansas and Federal Constitutions." On July 16, 2007, Swindle filed an Amended Motion to Continue and Objection to Notice, on behalf of Lux-Lux. The motion stated that Lux-Lux "continue[d] to object to the setting notice of September 10, 2007, for the reasons stated in his original Motion to Continue and Objection to Notice." Additionally, the motion stated that Lux-Lux requested "all other rights guaranteed to him by the Arkansas and Federal Constitutions."

Swindle and Lux-Lux appeared in the circuit court on September 10, 2007. The following colloquy took place between Deputy Prosecuting Attorney Chreea Stanimirovic, Swindle, and the circuit court:

Ms. STANIMIROVIC: Your Honor, if I may. Defendant — I received a message at 4:05 on Friday afternoon that he was requiring a Jury Trial.

MR. SWINDLE: That is incorrect, Your Honor. Defendant's request for Jury Trial was made previously but the Prosecutor's Office is not ready to proceed. There's also been a Motion for Discovery filed in this case which has not been responded to. Also, at the Arraignment in this matter I notified the Prosecutor's Office this is the incorrect Court for this case because the Defendant is too young to be in this Court. The Prosecutor is obviously not prepared. She has misinformed this Court.

THE COURT: Well, Mr. Swindle, you've been in this Court a number of times. You have to understand that we call the juries. The Prosecutor doesn't call the juries. We have heard nothing, whatsoever, from you or your office requesting a jury. This — if you have a problem with this Defendant being charged in Juvenile Court, as you know, or should know, you need to file a Motion to Transfer in this case which, as I understand it, there's no Motion filed?

MR. SWINDLE: There's not, Your Honor, but there's no response to the Motion for Discovery which has been filed.

THE COURT: Well, I regret that, Mr. Swindle. I'll tell you what, this case is set for Trial today. You understand how this process works, and in my view, you are in contempt of this Court for not complying with the way we do things here, and for not requesting a jury way before today.

MR. SWINDLE: It is requested in my pleadings, Your Honor.

THE COURT: Well, we haven't received any of your pleadings. There's nothing. You are in contempt of this Court. I'm gonna put you in jail for 24 hours, then you can the next time around — and I'm gonna reset

this matter for November 21. And if you want Motions heard, you can file Motions and you address these issues the proper way. So you have a seat over there, Mr. Swindle.

Swindle was escorted to the Washington County Detention Center, where he served a 24 hour term of confinement. The circuit court memorialized its findings in an order entered September 10, 2007. The circuit court found:

That on the 11th day of July, 2007, the defendant, Juan Lux-Lux, appeared for arraignment in this cause with his attorney, Ken Swindle, at which time the defendant was arraigned on the charge of forgery in the first degree.

That at the conclusion of said arraignment hearing, the defendant and his attorney, Ken Swindle, were advised that this matter was set for trial for September 10, 2007.

That on the 12th day of July 2007, defendant's attorney was once again notified by way of facsimile transmission that defendant's case was set for trial September 10, 2007.

That on the 10th day of September, 2007, defendant appeared with his attorney, Ken Swindle, who advised the Court that the case was filed in the "wrong court" and further, that defendant demanded a jury trial.

That defendant's attorney, Ken Swindle, did not formally raise any jurisdictional issues or communicate with the Court as to the status of defendant's case prior to September 10, 2007.

That Deputy Prosecuting Attorney Chreea Stanimirovic, on four occasions, attempted to discuss the status of defendant's case with his attorney, Ken Swindle, by telephone, which attempts were unsuccessful in that defendant's attorney, Ken Swindle, did not return Deputy Prosecutor's Stanimirovic's telephone calls.

That on the 10th day of September, 2007, defendant's attorney, Ken Swindle, made unprofessional and uncivil remarks in open court relating to the deputy prosecuting attorney's representation of the State of Arkansas in this cause.

That defendant's attorney, Ken Swindle, advised the Court that he had requested a jury in his pleadings, which representation is incorrect in that no such request appears in the pleadings.

> That defendant's attorney's conduct as set forth above constitutes a deliberate and purposeful attempt to obstruct and interfere with the orderly and efficient administration of justice, and by reason thereof, defendant's attorney, Ken Swindle, should be and is hereby found to be in contempt of this court and incarcerated in the Washington County Detention Center for a period of 24 hours.

Three days after the citation of contempt, the circuit court transmitted, by facsimile, its letter order resetting the trial for November 21, 2007. Again, the order included the 48-hour notification requirement and, again, Swindle filed an objection to the notice.

Swindle filed a Motion and Brief for Reconsideration of the order of contempt. In his motion, Swindle noted that his client's request for a jury trial was guaranteed by the Arkansas Constitution and the United States Constitution. In addition, Swindle stated that his motions filed on July 13 and July 16, 2007, requested his client's guaranteed constitutional rights. Swindle contended that the circuit court should have given him notice of a hearing concerning the telephone calls from Deputy Prosecuting Attorney Stanimirovic because the calls did not take place in the presence of the court. As to the circuit court's finding regarding Swindle's uncivil remarks to Stanimirovic, Swindle contended that his statements were factually true, namely that there was a failure by Stanimirovic to respond to discovery and that she was unprepared for trial on September 10, 2007.

The circuit court held a hearing on the motion for reconsideration, which was denied in an order entered October 24, 2007. Swindle appeals the order of contempt and the denial of his motion for reconsideration.

As a preliminary matter, we must address the State's argument that this appeal is moot and should be dismissed. The State asserts that this court cannot entertain any of Swindle's challenges to the circuit court's order of contempt because his appeal is moot due to the fact that he has already served his sentence of confinement. Swindle contends that, notwithstanding the fact that he has served his sentence, the court should address his arguments because the circuit court's use of an unconstitutional order is a wrong that is likely to reoccur.

The general rule regarding contempt orders is that where the terms of a contempt order have been fulfilled, the issue of the propriety of the contempt order is moot. *See Conlee v. Conlee*, 370

Ark. 89, 257 S.W.3d 543 (2007) (stating that any argument pertaining to seven-day sentence for criminal contempt was moot where appellant had completed the sentence and paid the fine associated with that contempt order); *Cent. Emergency Med. Servs., Inc. v. State*, 332 Ark. 592, 966 S.W.2d 257 (1998) (dismissing appeal from criminal contempt order as moot where emergency medical service provider paid the fine that the court imposed); *Minge v. Minge*, 226 Ark. 262, 289 S.W.2d 189 (1956) (holding that the issue of civil contempt was moot, where the party held in contempt for failure to pay child support paid the delinquent child support and purged the contempt).

This court has recognized two exceptions to the mootness doctrine. The first one involves issues that are capable of repetition, yet evade review, and the second one concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Delancy v. State*, 356 Ark. 259, 151 S.W.3d 301 (2004). Ordinarily, mootness resolves the controversy and renders a decision unnecessary. *Owens v. Taylor*, 299 Ark. 373, 772 S.W.2d 596 (1989). But that choice is ours to make and where consideration of an issue that is capable of repetition, yet evades review, is present, we may elect to settle an issue, even though moot. *See id.*

In the instant case, we agree with the State that the question of whether the circuit court erred in holding Swindle in contempt is moot. However, because one of the bases for holding Swindle in contempt was his failure to request a jury trial 48 hours before trial is an issue capable of repetition, but that evades review, we find it necessary to address the propriety of that portion of the circuit court's order.

The Arkansas Constitution provides that an accused in a circuit court case has a right to a trial by jury and that the right shall remain inviolate unless waived by the parties in the same manner prescribed by law. *See* Ark. Const. art. 2, §§ 7, 10. In order for a defendant to waive his or her right to a jury trial, he or she must do so personally either in writing or in open court and the waiver must be assented to by the prosecutor and approved by the court. Ark. R. Crim. P. 31.1, 31.2.

In every criminal trial where there is a right to a trial by jury, the court should proceed as if a jury were to be used unless waiver takes place in accordance with the law. *Calnan v. State*, 310 Ark. 744, 749, 841 S.W.2d 593, 596 (1992). The burden is on the trial

court to assure that, if there is to be a waiver of the right to a jury trial in a criminal case, it be done in accordance with the rules by which we have implemented our Constitution. *Id.*, 841 S.W.2d at 596. The Arkansas Constitution and the Arkansas Rules of Criminal Procedure assume a defendant will be tried by a jury unless that right is expressly waived. *Id.*, 841 S.W.2d at 596. The law providing the manner of waiver is obviously designed to assure that the jury trial right is not forfeited by inaction on the part of the defendant. *Id.*, 841 S.W.2d at 596.

We wish to make it clear that in the present case, the defendant was not denied his right to a jury trial. Nevertheless, we are troubled by the circuit court's standard practice of requiring a defendant to request a jury at least 48 hours before trial, as this practice is not in accordance with the Arkansas Constitution and our rules of criminal procedure.

The right to a jury trial is a right held by a defendant, not the circuit court. A defendant is not required to request a right to which he or she is already guaranteed. In essence, the notice requirement puts the defendant in the position of forfeiting his or her right to a jury trial due to inaction. It is not proper for the circuit court to assume that a jury trial is waived due to a defendant's inaction. Nor is defense counsel required to make this request on behalf of a defendant.

We are sensitive to the circuit court's challenges in managing its docket in an orderly fashion; however, a defendant has a fundamental right to a trial by jury, and again, any waiver of that right must be done in accordance with our Constitution and our rules of criminal procedure. *See Reaser v. State*, 47 Ark. App. 7, 11, 883 S.W.2d 851, 854 (1994). Accordingly, we declare error as to the circuit court's use of orders requiring defendants to request a jury trial 48 hours prior to trial.

Affirmed in part; error declared.