

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-14-457

| | |
|---|---|
| PAUL ANTHONY GRAVER | **Opinion Delivered** December 17, 2014 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-13-3913] |
| V. | |
| CITY OF ALEXANDER, ARKANSAS | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| APPELLEE | APPEAL DISMISSED |

## DAVID M. GLOVER, Judge

Paul Graver challenges the trial court's January 27, 2014 order finding him in contempt for selling a fire truck. He contends that the trial court erred in holding him in contempt because 1) it was without jurisdiction for lack of service, 2) it was without jurisdiction due to forum selection, and 3) the temporary restraining order preventing him from selling the fire truck had expired and the subsequent order was a legal nullity. The contempt order is the only action by the trial court that is challenged in this appeal. The underlying actions from which the contempt order arose are still ongoing. Our jurisdiction is pursuant to Rule 2(a)(13) of our Rules of Appellate Procedure–Civil. Because the terms of the contempt order have been fulfilled, rendering moot Graver's challenge to the contempt order, we dismiss this appeal.

The contempt order arose in the context of a petition for declaratory judgment and supplemental relief filed in Arkansas by an Oklahoma bank against The City of Alexander (City), Paul Graver d/b/a First Government Lease Company (Graver), and an individual named Lance Dominque. The bank sought a declaration of its rights pursuant to a lease-purchase agreement concerning the construction of a fire station in the City. In the course of those proceedings, the City filed a cross-complaint against Graver on October 21, 2013, concerning a lease-purchase agreement by which the City was also purchasing a fire truck for approximately $74,000. Graver and the City had entered into the agreement on May 15, 2008, and on or about October 11, 2013, with a remaining balance of approximately $7,000, Graver had repossessed the fire truck. On October 25, 2013, the trial court entered an ex parte order of delivery and restraining order, which ordered Graver to return the fire truck and enjoined him from selling or encumbering it. The order also set a hearing date of November 4, 2013. On November 4, 2013, the hearing was held, and the court further ordered from the bench that Graver return the fire truck to the City and refrain from selling or encumbering it in any fashion. Graver sold the fire truck to Deep South Fire Trucks on November 14, 2013, for $54,000.

Thereafter, on January 27, 2014, following a hearing on the City's contempt motion, the trial court found Graver in contempt and ordered him held in the detention facility until he 1) provided a copy of the title to the fire truck showing its transfer to Deep South Fire Trucks, 2) provided a copy of the check evidencing payment to Graver by Deep South for the fire truck, and 3) delivered to the circuit clerk a cashier's check in the amount of $54,000

SLIP OPINION

SLIP OPINION

for deposit into the court's registry. Graver purged himself of the contempt on the same date, as evidenced by the "speed letter" sent from the circuit clerk to the detention facility, informing the facility that Graver was to be released immediately—that he had purged himself of the contempt issue.

Where the terms of a contempt order have been fulfilled, the issue of the propriety of the contempt order is generally considered moot. *Clampitt v. Geurin*, 2010 Ark. App. 558. In *Swindle v. State*, 373 Ark. 518, 523, 285 S.W.3d 200, 204 (2008), our supreme court further explained:

> The general rule regarding contempt orders is that where the terms of a contempt order have been fulfilled, the issue of the propriety of the contempt order is moot.     . . .
>
> *This court has recognized two exceptions to the mootness doctrine. The first one involves issues that are capable of repetition, yet evade review, and the second one concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation.* Ordinarily, mootness resolves the controversy and renders a decision unnecessary. But that choice is ours to make and where consideration of an issue that is capable of repetition, yet evades review, is present, we may elect to settle an issue, even though moot.

(Citations omitted & emphasis added.)

We note that neither party raised the mootness doctrine in their briefs, so we have no discussion regarding why it should not apply here, yet it is our responsibility to apply the mootness doctrine where it is applicable even when the parties have not addressed that concern. Here, there is no question that Graver fulfilled the terms of the contempt order, which brings this case under the general rule that thereby renders it moot. In resolving this appeal, we considered whether the exceptions set forth in the *Swindle* case apply, i.e., whether

this case involves issues that are capable of repetition, yet evade review, or whether it raises considerations of substantial public interest, which, if addressed, would prevent future litigation. We conclude that neither of those exceptions applies here.

We further considered whether we should adopt a third exception to the general rule in cases where the contempt order is challenged as being void ab initio for an alleged lack of personal jurisdiction or whether we should certify to our supreme court the advisability of adopting that option. We rejected those avenues as well. We have determined that creating a new exception to the mootness doctrine in this case in order to decide the jurisdictional issues raised by Graver, which remain at issue in the underlying actions in circuit court, would be ill-advised. The record before us on the jurisdictional issues and the trial court's decisions regarding them was not fully developed in the context of the contempt hearing. We do not have a satisfactory lower-court decision to review on issues of such importance to the underlying actions, and creating a new exception to do so would be fruitless. The merits of the jurisdictional arguments raised by Graver are better addressed by the trial court in the context of the ongoing actions. Thereafter, if a subsequent appeal is pursued, we will be better equipped to decide those issues on a more fully developed record and lower-court decision.

Appeal dismissed.

GRUBER and VAUGHT, JJ., agree.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Fuqua Campbell, P.A.*, by: *David M. Fuqua*; and *John L. Wilkerson*, for appellee.

4