Robin F. Wynne, Justice, dissenting. | ^Because I believe that Thompson’s appeal has been rendered moot by his having served the punishment imposed, I would dismiss the appeal. Accordingly, I respectfully dissent. An examination of the majority opinion will reveal why the better course would be to dismiss Thompson’s appeal. Assuming the majority is correct to reverse on the merits, it has applied the wrong disposition to the case. The majority opinion reverses and dismisses based on the determination that a due-process violation resulted from Thompson’s failure to receive notice of the contempt hearing. The proper disposition in the event of such a violation is to reverse and remand, not reverse and dismiss. See, Fitzhugh v. State, 296 Ark. 137, 752 S.W.2d 275 (1988) (reversing and remanding following a determination that the failure to notify an attorney that a charge of contempt was pending against him and to inform him of the specific nature of the charge violated the attorney’s right to due process). Even Thompson realizes this. In his argument he requests that the court reverse and remand for the due-process violation he asserts. The majority has given him relief he did not request as part of his due-process argument. Why, then, has the majority chosen to reverse and dismiss, as opposed to reversing and remanding? I posit that there are two reasons for this. The first is that dismissing as opposed to remanding allows the majority to sidestep the inconvenient fact that he has already served his sentence for contempt. The fact that the majority feels compelled to overlook this is all the more reason why this is not the case in which this court should reach a different conclusion regarding the applicability of the mootness doctrine than it did in Swindle v. State, 373 Ark. 518, 285 S.W.3d 200 (2008). The second reason, which follows from the first, is that the majority is concerned with the possibility that Thompson would be found guilty a second time on remand, which would create the problematic issue of what to do about punishment if that occurs.[1] Either Thompson has already served his full punishment, in which case the damage is done, or Thompson would be subjected to additional punishment, making his victory on appeal a Pyrrhic one of epic proportions. The majority is willing to confuse 11fiour precedent regarding due-process violations in an effort to avoid the potentially unpleasant effects of its decision. My point in highlighting these issues is that, while I agree that the decision in Swindle is flawed, it is precedent of this court. Thompson took no steps, such ás objecting following the decision, asking for a stay pending appeal, asking for adequate time to file a writ with this court, or making any attempt to file a writ "svith this court, in order to' avoid having his appeal become moot. The facts and arguments presented here are insufficient to warrant reaching a different result here than was reached in Swindle. I have little doubt there may exist in the future a case that requires us to revisit our decision in Swindle. This is not that case. For these reasons, I respectfully dissent. Wood, J., joins. . The majority states that it is dismissing instead of remanding because of a potential double jeopardy concern. Of course reversing and remanding potentially creates a double-jeopardy problem because Thompson has already fully served his punishment. This is precisely why this court should dismiss the appeal as moot.