Cite as 2020 Ark. 375

# SUPREME COURT OF ARKANSAS

**No.** CV-20-177

|  |  |
|---|---|
| KOREY RABION | **Opinion Delivered:** November 19, 2020 |
| APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-20-13] |
| V. | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Korey Rabion appeals the denial of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). As there are no grounds stated in either the petition filed in the circuit court or in his appellate arguments on which a writ of habeas corpus could be issued, we affirm.

## I. *Background*

A jury convicted Rabion of two counts of negligent homicide, leaving the scene of an accident involving injury or death, driving on a suspended license, and a third offense of driving while intoxicated. Rabion was sentenced as a habitual offender to 480 months' imprisonment for each count of negligent homicide, 180 months' imprisonment for leaving the scene of an accident, two days' imprisonment in the county jail for driving on a suspended license, and one day's imprisonment in the county jail for driving while intoxicated. The sentences for negligent homicide and leaving the scene of an accident were imposed to run consecutively, while the sentences for the two misdemeanors, driving with a suspended license and driving while intoxicated, were

imposed to run concurrently. The Arkansas Court of Appeals affirmed the convictions and the sentences. *Rabion v. State*, 2017 Ark. App. 538, 532 S.W.3d 598.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who files a writ and does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16–112–201 to –208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous

2

when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Claims for Relief*

In his petition filed in the circuit court, Rabion raised the following allegations, which he reasserts on appeal: (1) the pretrial proceedings violated his right to due process and equal protection in that he was arrested without a warrant; (2) he was unlawfully detained after his arrest before his plea and arraignment; (3) the information was defective; and (4) he was not provided with sufficient notice of the nature of the charges against him. Rabion further alleges a violation of double jeopardy with respect to his convictions for manslaughter and driving while intoxicated and that the sentence for a third offense of driving while intoxicated was illegal.[1] The circuit court found that Rabion's allegations did not establish probable cause for issuance of the writ.

Rabion's due-process and equal-protection claims are not cognizable in habeas proceedings. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court because the writ will not issue to correct errors or irregularities that occurred at trial. *Jackson v. Kelley*, 2020 Ark. 255, 602 S.W.3d 743. Specifically, a defendant, after having been fairly tried and found guilty in a court of competent jurisdiction, is not entitled to habeas relief on the basis of some flaw in the manner of his arrest. *Grimes v. State*, 2018 Ark. 407, 562 S.W.3d 215. Likewise, allegations challenging the conditions of pretrial detention do not call into question the jurisdiction of the trial court or the legality of the sentence and are not cognizable in habeas proceedings. *Parker v. Hobbs*, 2013 Ark. 309 (per curiam). Moreover, an allegation of a

---

[1]Rabion made certain allegations in the petition filed in the circuit court that he did not reassert on appeal, including allegations that his *Miranda* rights had been violated, he was not sentenced before the court, and he was deprived of counsel during the pretrial proceedings. Claims that are not raised on appeal are considered abandoned. *Cave v. State*, 2020 Ark. 156, 598 S.W.3d 506.

defective information that does not implicate the legality of the sentence is not considered to be a jurisdictional issue and is treated as trial error. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Finally, Rabion's allegation that he did not have sufficient notice of the nature of the charges against him is conclusory. It is undisputed that Rabion was arraigned, was represented by counsel, and was tried by a jury. In view of this, his claim that he lacked notice of the charges against him has no credibility.

Rabion further alleges that his convictions for negligent homicide and driving while intoxicated violated the prohibition against double jeopardy. In support of this argument, Rabion cites *Tallant v. State*, 42 Ark. App. 150, 856 S.W.2d 24 (1993), wherein the court of appeals agreed with the State's concession that the trial court erred by failing to dismiss a driving-while-intoxicated conviction when the defendant had also been found guilty of negligent homicide. The court found that "both convictions cannot stand." *Id*. (citing *Ballew v. State*, 298 Ark. 175, 766 S.W.2d 14 (1989)). As a result of the error recognized by the court in *Tallant*, the conviction of driving while intoxicated was set aside because it was the less serious offense. *Id*. (citing *Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440 (1982)). Therefore, Rabion's double-jeopardy claim affects only his sentence for driving while intoxicated and not the greater offense of negligent homicide. Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003). Here, Rabion's one-day jail sentence in the county jail for driving while intoxicated has expired, and Rabion is not currently being detained for that conviction.

It is the duty of this court to decide controversies that can be carried into effect and not to give opinions upon principles of law that cannot affect the matter in issue. *Ex parte Rubly*, 222 Ark. 423, 261 S.W.2d 4 (1953). Once a petitioner is released from the restrictions of a conviction, the issue is moot and the petition for writ of habeas corpus is properly denied. *Id*. In sum, habeas relief

is not available under the specific circumstances presented in this case because the application of the remedy would have no effect on the matter. The same is true with respect to Rabion's allegation that his one-day sentence for a third offense of driving while intoxicated is illegal in that the minimum sentence for the offense is ninety days' imprisonment. *See* Ark. Code Ann. § 5-65-111(c)(1)(A) (Repl. 2016). Again, the one-day sentence has expired, and the issue is moot because applying the remedy to a sentence that is no longer being served would not affect the matter. *Rubly*, 222 Ark. 423, 261 S.W.2d 4.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** As I have stated before, the majority's conception of habeas corpus is too narrow. *See Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). However, I agree that Rabion is not entitled to issuance of the writ since he is no longer being detained pursuant to his conviction for driving while intoxicated.

I concur.

*Korey Rabion*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.